IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

     Plaintiff,

v.                                                                                  Civ. 11-676 RB/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO;
Luna County Detention Center
Administrator, JOHN SUTHERLAND, JR., in his
Individual and official capacities; and JANE DOE(S)
and JOHN DOE(S),

     Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

This matter comes before the Court on Plaintiff's Motion for Sanctions ("the

Motion"). *Doc. 35.* This matter is fully briefed and the Court has held a hearing. *See*

*docs. 47, 56.* At the hearing, the Court stated that it would deny the Motion. *See doc. 56.*

The instant Order memorializes that ruling.

**Background**

This case stems from the fatal tasering ("the incident") of Decedent Christopher

Aparicio ("Decedent"). *Doc. 1*, Ex. A at 3. Plaintiff filed the complaint in this case acting

as the personal representative of Decedent and his heirs. *Id.* at 1.

On March 17, 2011, officers at the Luna County Detention Center ("LCDC") took Decedent into custody. *Id.* ¶ 7. He was highly agitated and under the influence of methamphetamine. *Id.* ¶8. Detention center personnel tasered Decedent repeatedly; EMTs then took him to a hospital where he died. *Id.* ¶¶ 8-9.

In Count II of his complaint, Plaintiff raises claims under 42 U.S.C. § 1983 for alleged violations of his Fourteenth Amendment rights. *Id.* at 4. Plaintiff makes various allegations to the effect that Defendants were responsible for culpably bad practices, policies, training, customs, and procedures with respect to the treatment of detainees, safety, and Taser use, and that these practices and other related activity caused Decedent's death *Id.* at 4-5. Plaintiff alleges that Defendants engaged willfully and wantonly in this wrongdoing, and that punitive damages are therefore appropriate. *Id.* ¶ 23.

In Count III, Plaintiff asserts that he raises New Mexico state tort claims under N.M. Stat. Ann. § 41-4-6. *Id.* at 6. This has the same factual basis as Count II; Plaintiff frames it as the tortious breach of "a duty to provide a reasonably safe environment to protect [Decedent] from foreseeable risk . . . ." *Id.* ¶ 28.

The Court has stayed discovery in the case pending the receipt of two investigative reports, one from the Department of Public Safety and one from the Office of Medical Examiner, as these reports will likely inform further discovery. *Doc. 33* at 1.

**The Motion**

Following the incident, Defendants conducted an internal investigation which

produced, among other things, witness statements which were recorded. *Doc. 35* at 5.

In the course of discovery, Plaintiff's requested the production of a copy of the report of

Defendants' investigation. *Id.*, Ex. 3 at 3. Defendants' response to this request

essentially indicated that no internal investigation had occurred. *Id.*, Ex. 3 at 4.

Subsequent to this response, Defendants located and produced a copy of the report

from their internal investigation. This production, however, did not include the

recordings of the witness statements and was made subsequent to Plaintiff's

depositions of many of the witnesses interviewed in the internal investigation. *Id.* at 5.

In fact, it was not until Plaintiff deposed the witnesses that he learned that the witness

statements had been recorded yet not produced. *Id.*

As a consequence, Plaintiff filed a Motion to Compel, (*doc. 34*), and the instant

Motion for Sanctions, (*doc. 35*). The Motion to Compel addressed numerous discovery

issues, including all the issues relevant to the Motion for Sanctions. *See generally doc. 34.*

In Plaintiff's Motion for Sanctions, Plaintiff requested that the Court sanction

Defendants under the Court's inherent powers. *Doc. 35* at 7. Plaintiff requested the

Court sanction Defendants by allowing Plaintiff to redepose several witnesses, at

Defendants' expense. *Id.* at 9. Plaintiff argued that reopening the depositions of

witnesses would permit questioning them on their statements given in the internal

3

investigation. *Id.*

At the hearing, Defendants explained that, due to significant upheaval within the management of the detention center, the fact that an internal investigation occurred was temporarily lost. *Doc. 56* at 9. When the investigative report was located, it was immediately disclosed. *Id.* Finally, despite having searched for the recorded statements, Defendants have been unable to locate them and believe that they may be permanently lost. *Id.*

Given this state of affairs, Plaintiff conceded that reopening depositions would not be worthwhile. *Id.* at 10. When asked if there were alternate sanctions he sought, Plaintiff asked for a lifting of the stay for the limited purpose of deposing the former-warden, the investigator who conducted the internal investigation, and anyone else who subsequently had custody of the witness statements. *Id.* at 10-12. Plaintiff asked that these depositions be at Defendants' expense. *Id.* Plaintiff also asked the Court to award Plaintiff costs and fees for the motion to compel and the motion for sanctions. *Id.* at 11. The only authority Plaintiff cites for sanctions is the Court's inherent authority. *Doc. 35* at 1.

Indeed, federal courts have the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44 (1991). Courts must exercise their inherent powers with discretion, and "a primary aspect of that discretion is the ability to fashion an appropriate sanction for

conduct which abuses the judicial process." *Id.* at 44-45.  As part of their inherent

powers "to deter frivolous and abusive litigation and promote justice and judicial

efficiency, the federal courts are empowered to impose monetary sanctions, by . . . their

inherent right to manage their own proceedings." *United States ex rel. Jimenez v. Health*

*Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005.).  Furthermore, a court "has the inherent

authority to assess attorneys fees when a party has acted in bad faith, vexatiously,

wantonly, or for oppressive reasons." *Lowery v. County of Riley*, 738 F. Supp. 2d 1159,

1170 (D. Kan. 2010).

**Analysis**

As explained at the hearing, the Court will deny the Motion for Sanctions.

First, Defendants do not appear to be guilty of the sort of bad faith or abuse of

the judicial process that would merit sanctions.  While Defendants could have been

more exhaustive in its search for the requested materials, bad faith is not what led to the

discovery failure in this case.[1]

Second, the delay in providing the discovery responses has not caused any

prejudice which can be remedied from the proposed sanctions.  As conceded by

Plaintiff, reopening the earlier depositions will serve no purpose given the fact that the

recorded statements have still not been located.  Lifting the stay to permit the

---

[1] Herein, the Court only expresses an opinion about the delay in discovering the internal investigative report.  As noted, Defendants appear to have lost the recorded statements of the witnesses who were interviewed.  Moreover, the Defendants have disposed of certain video which shows events just before the incident.  Whether these losses of potentially probative evidence constitute spoliation which could support sanctions is an issue left for the presiding judge in this case.

Formatted: Font: Palatino Linotype

deposition of the persons involved in the internal investigation also would serve no

purpose.  The reports the parties are awaiting (and are the reason for the stay) may also

be relevant in the depositions of those witnesses.  Therefore, permitting their

depositions before the receipt of the reports would likely create the need for duplicative

depositions.  Moreover, the Court is unpersuaded that rushing to take those depositions

would increase the likelihood of discovering important information regarding the

internal investigation.  Finally, because these depositions have not occurred yet, no

prejudice was caused by the delay in disclosing the internal investigative report.  Thus,

there is no basis to shift the costs of these depositions to the Defendants on the basis of

that delay.

Plaintiff also seeks costs and fees of litigating the two instant motions.  However,

as Plaintiff conceded, counsel failed to sufficiently meet and confer with opposing

counsel regarding each of the outstanding discovery issues.  It is apparent to the Court

that such a meet and confer would have obviated most of those issues raised in the

issues.  Under these circumstances, it would not be appropriate to award attorney's fees

and costs for the motions.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions, (*doc.*

*35*), is **DENIED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

6