IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

      Plaintiff,

v.                                                                  Civ. 11-676 RB/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO;
Luna County Detention Center
Administrator, JOHN SUTHERLAND, JR., in his
Individual and official capacities; and JANE DOE(S)
and JOHN DOE(S),

      Defendants.

## <u>ORDER FOR DEFENDANTS TO PAY ATTORNEY'S FEES</u>

THIS MATTER comes before the Court on the parties' responses, (*docs. 61, 62*), to

the Court's order, (*doc. 59*), denying Defendants' motion for sanctions and awarding

attorney's fees to Plaintiff for 75% of the costs of responding to the motion for sanctions.

In response to the Court's order, Plaintiff's attorney, Duff Westbrook, submitted an

affidavit claiming Plaintiff had incurred $2,696.40 in attorney's fees at the rate of $300.00

per hour in responding to Defendants' motion for sanctions.[1]  *Doc. 61* ¶¶ 4, 5.

Defendants' argue that the Court should: (1) reconsider its previous order and award

---

[1] Though not explicitly itemized, the calculations make clear that the $2,696.40 figure
includes the 7% gross receipts tax.

no attorney's fees; (2) in the alternative, award only 66% of attorney's fees; and (3)

award attorney's fees to Plaintiff at an hourly rate of no more than $225.00.  *Doc. 62.*

Defendants state that they "request that this Court reconsider its award of

attorneys fees in this matter as they are not warranted."  Having reviewed Defendants'

arguments for reconsideration, the Court still concludes that sanctions under Rule 37

are merited.

Defendants state that "if the Court will not rescind its award of fees, the

Defendants request that they be reduced to 66%, because the Defendants obtained one

third of their requested relief . . . ."  Defendants did seek relief on three points, and the

Court did award partial relief on one point.  *See doc. 59* at 1-2, 13-14.  The Court did not,

however, award all the relief that Defendants requested on that point.  Defendants

requested that, as to all issues addressed in the motion, the Court award attorneys' fees

and require Plaintiff to conduct additional factual investigation; the Court did not

award this requested relief and awarded relief only as to Defendants' request that

Plaintiff submit updated answers on one issue.  *See doc. 59* at 1-2, 14.  The Court will

therefore deny Defendants' request that the Court reduce Plaintiff's percentage award

of attorney's fees from 75% to 66%.

The Court ordered Plaintiff's counsel to "file an affidavit outlining the expenses

incurred in responding to" Defendants' motion for sanctions.  Counsel Duff Westbrook

filed such an affidavit, indicating attorney's fees for 8.4 hours at the rate of $300.00 per

hour.  *Doc. 61* ¶ 4.  Defendants contest that $300.00 per hour is an appropriate rate, but

do not contest that 8.4 hours was an appropriate amount of time.  *Doc. 62* at 6.

Defendants request that the Court award attorney's fees at the rate of only $225.00 per

hour.  *Id.*

  "The initial estimate of a reasonable attorney's fee is properly calculated by

multiplying the number of hours reasonably expended on the litigation times a

reasonable hourly rate."  *Blum v. Stenson*, 465 U.S. 886, 888 (1994).  To determine what

constitutes a reasonable rate, this Court considers the "prevailing market rate in the

relevant community."  *Malloy v. Monahan*, 74 F.3d 1012, 1018 (10th Cir. 1996).  This

Court "should base its hourly rate award on what the evidence shows the market

commands for civil rights or analogous litigation."  *Case v. Unified School Dist. No. 233*,

157 F.3d 1243, 1255 (10th Cir. 1998).  "Only if the district court does not have before it

adequate evidence of prevailing market rates may the court, in its discretion, use other

relevant factors, including its own knowledge, to establish the rate."  *Id.* at 1257.

  Counsel Westbrook did the work for which this Court has awarded Plaintiff's

attorney's fees.  *Doc. 61* at 1-2.  In his affidavit, Westbrook stated that his "normal

hourly rate for attorney's fees is $300.00 per hour."  In 2005, this Court awarded

Westbrook fees at the rate of $225.00 per hour.  *See Lewis v. New Mexico Department of

Health*, Civ. 99-0021 MV/JHG, Memorandum Opinion and Order entered January 5,

2005, doc. 230 at 18.  There is no evidence now before the Court as to Westbrook's rates

other than his affidavit and *Lewis*.  Defendants argue that this is inadequate to support

his requested rates.  The Court finds, however, that the rate of inflation since 2005[2] and

Counsel Westbrook's seven years of additional experience since 2005, taken in light of

the Court's familiarity with attorneys' fees, support the reasonableness of Counsel

Westbrook's requested rate, and the Court will therefore award attorney's fees to

Plaintiff at the rate of $300.00 per hour.

Wherefore, **IT IS HEREBY ORDERED** that Defendants shall remit to Plaintiff's

counsel a check in the amount of $2022.30 (75% of $2696.40) within thirty (30) days.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The United States Department of Labor's Bureau of Labor Statistics provides a tool for calculating inflation according to the Consumer Price Index.  *See* http://www.bls.gov/data/inflation_calculator.htm.  According to this tool, an item costing $225 in 2005 would cost $264 today.