IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

v.                                                           Civ. 11-676 RB/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO;
Luna County Detention Center
Administrator, JOHN SUTHERLAND, JR., in his
Individual and official capacities; and JANE DOE(S)
and JOHN DOE(S),

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S THIRD MOTION TO COMPEL

      This matter comes before the Court on Plaintiff's Third Motion to Compel ("the

Motion"). *Doc. 90.* The parties have fully briefed the Motion (*see docs. 98, 105, 110, 116*)

and the Court has held a hearing (*see doc. 120*). The Motion will be granted in part and

denied in part.

**Background**

      This case stems from the fatal tasering ("the incident") of Decedent Christopher

Aparicio ("Decedent"). *Doc. 1*, Ex. A at 3. Plaintiff filed the complaint in this case acting

as the personal representative of Decedent and his heirs. *Id.* at 1.

On March 17, 2011, officers at the Luna County Detention Center ("LCDC") took Decedent into custody and booked him. *Id.* ¶ 7. He was highly agitated and under the influence of methamphetamines. *Id.* ¶8. Detention center personnel pepper sprayed Decedent and repeatedly tasered him. When he experienced medical distress, EMTs took him to a hospital where he died. *Id.*, ¶¶ 8-9.

In Count II of his complaint, Plaintiff raises claims under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment. *Id.* at 4. Plaintiff alleges that Defendants were responsible for culpably bad practices, policies, training, customs, and procedures with respect to the treatment of detainees, safety, and Taser use, and that these practices and other related activity caused Decedent's death *Id.* at 4-5. Plaintiff alleges that Defendants engaged willfully and wantonly in this wrongdoing, and that punitive damages are therefore appropriate. *Id.*, ¶ 23.

In Count III, Plaintiff asserts that he raises New Mexico state tort claims under N.M. Stat. Ann. § 41-4-6.[1] *Id.* at 6. This claim has the same factual basis as Count II; Plaintiff frames it as the tortious breach of "a duty to provide a reasonably safe environment to protect [Decedent] from foreseeable risk . . . ." *Id.*, ¶ 28.

---

[1] Plaintiff seems to have made a typographical error, as the cited statute, which concerns negligence in operating public facilities, appears inapposite. *See N*.M. Stat. Ann. § 41-4-6(A). Plaintiff may instead mean to cite the following statute: "The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury [or] wrongful death . . . resulting from assault, battery . . . or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." N.M. Stat. Ann. § 41-4-12.

2

**Analysis**

Plaintiff's Third Motion to Compel addresses a personnel file which was the subject of an earlier court order,[2] three interrogatories and a request for production. The interrogatories and request for production seek information about reports, investigations, and discipline for "use of force" incidents and violations of LCDC policies/procedures.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002).

---

[2] The personnel file at issue has been disclosed. As discussed at the hearing, the Court is not persuaded that the late disclosure of the personnel file was due to anything more than a misunderstanding. Therefore, the Court will deny the motion to compel this file and deny the request for sanctions (by both parties) on this issue.

3

"However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking discovery has the burden to show the relevancy of the request." *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 553 (D. Colo. 2009).

Interrogatory Number 26 demands that Defendants "[s]tate the number of reports and complaints about the use of force by LCDC personnel against inmates and detainees at LCDC which were made each month from the time John Krehbiel became the warden of LCDC to the present, the number of those reports and complaints that were investigated by LCDC, the number of reports and complaints that were determined to have merit or be supported by the facts, the number of LCDC employees identified in those reports and complaints as having allegedly used force, and the number of those employees who were disciplined as a consequence of the reports and complaints about the use of force identified in response to this interrogatory." *Doc. 90*, Ex. 1.

Interrogatory 27 demands that Defendants "[s]tate whether any of the reports and complaints identified in your response to the previous interrogatory alleged the use of force by Josh Elford or Jonathan Chavez, and if so, state the number of such reports and complaints which identified Mr. Elford and Mr. Chavez as having used excessive force, state the number of those complaints that were investigated by LCDC, and the number of times Mr. Elford and Mr. Chavez were disciplined as a result of the events forming the subject matter of those reports and complaints." *Id*.

4

Interrogatory 28 demands that Defendants "[s]tate the number of jail personnel who were disciplined for violating LCDC policies and procedures during the time John Krehbiel was the warden of LCDC, and describe the type of discipline imposed in each instance and the violation(s) of policy for which discipline was imposed in each instance." *Id*.

Request for Production 26 seeks the production of "all reports on the use of force within the Luna County Detention Center (LCDC) prepared by and on behalf of LCDC during the period John Krehbiel was the warden of LCDC." *Id*.

In its Motion, Plaintiff contends that these requests are "probative of [his] claims that the Defendants failed to adequately supervise its jail guards and that such lack of supervision led to Plaintiff being asphyxiated by jail guards on the night of March 3, 2011 …" *Doc. 90* at 7. Plaintiff further argues that these requests could lead to evidence that "the Defendants' failure to supervise and hold employees accountable for violations of jail policy led to an 'anything goes atmosphere.'" *Id*. at 8.

Defendants dispute this claimed relevance. Defendants also contend that the current requests would be unduly burdensome as it would require them to review each and every inmate file for over a three-year period. *Doc. 98* at 6-7.

To determine the appropriateness of Plaintiff's discovery requests, one must understand their scope. Interrogatories 26 and 27 and Request for Production 26 relate to "reports and complaints about the use of force" and "reports on the use of force."

5

*Doc. 90*, Ex. 1.  According to the jail's policy, such reports must be created "when any type of force is used."  *Doc. 105*, Ex. 1.  The report must be created whether or not there is any complaint or suggestion that the force used was excessive.  *Id*.  Consequently, as written, Plaintiff's request would encompass even minor incidents involving no injuries or even an allegation of excessiveness.  While such reports may be marginally relevant to establishing an "anything goes atmosphere," such marginal relevance does not justify the substantial burden that would be required to obtain them.  Nonetheless, reports, investigations and discipline for significant uses of force are more than marginally relevant.  While not the only measure, the most objective measure of the significance use of force is the impact on the inmate.  In other words, uses of force which result in injury requiring some medical attention qualify as significant.  Moreover, in the context of this case, uses of force which include an inmate being "tazered" are also particularly relevant and significant.  Finally, limiting the scope of the requests to these types of use of force should dramatically reduce the burden of searching for and producing the requested material.  As such, the Court will grant in part the motion to compel as to Interrogatories 26 and 27 and Request for Production 26 with the limitation that all references to "reports or complaints about the use of force" and "reports on the use of force" are limited to those which resulted in injury requiring medical attention or which involved the "tazering" of an inmate.

The scope of Interrogatory 28 is different.  It seeks information relating to any discipline for any violation of any LCDC policies or procedures.  *Doc. 90*, Ex. 1.  Again, while the full breadth of this request may be marginally relevant, the Court finds that the burden of such a comprehensive search would outweigh its marginal relevance.  As such, the Court will grant in part the motion to compel as to Interrogatory 28 with the limitation that the discipline must have been for violating the use of force policies or procedures.

With respect to sanctions, the Court finds that the nondisclosure of these items was substantially justified as was the motion to compel their disclosure.  As such, sanctions will not be imposed on either party.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE