IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK,

    Plaintiff,

v.                                                 CIV 11-676 RB/GBW

BOARD OF COMMISSIONERS OF
LUNA COUNTY, NEW MEXICO,
JOHN R. SUTHERLAND, JANE DOE(S),
and JOHN DOE(S),

    Defendants.

## ORDER DENYING PLAINTIFF'S FOURTH MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's Fourth Motion to Compel and Defendant's Motion for Protective Order. *Docs. 93, 102*. The motions are fully briefed and the Court has held a hearing on these matters. *Docs. 99, 107, 108, 109, 113, 114*. Being fully advised, the Court will deny both motions.

**I.**     **Background**

This case stems from the fatal tasering of Decedent Christopher Aparicio ("Decedent"). *Doc. 1*, Ex. A at 3. Plaintiff filed the complaint in this case acting as the personal representative of Decedent and his heirs. *Id.* at 1.

On March 17, 2011, officers at the Luna County Detention Center ("LCDC") took Decedent into custody and booked him. *Id.* ¶ 7. He was highly agitated and under the influence of methamphetamines. *Id.* ¶ 8. Detention center personnel pepper sprayed

1

Decedent and repeatedly tasered him. When he experienced medical distress, EMTs took him to a hospital where he died. *Id.* ¶¶ 8-9.

Plaintiff now raises claims under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment and under the New Mexico Tort Claims Act for tortious breach of the duty of care owed to Plaintiff. *Id.* ¶¶ 16-32. Both claims are predicated on the same allegations: Defendants failed to properly train, supervise, and discipline prison officials despite awareness that this lack of training, supervision, and discipline endangered inmates. *Id.* ¶¶ 16-32. In particular, Plaintiff alleges that "[i]t was the Defendants' policy, practice and custom to fail to provide reasonable care and caution on the part of its officers, in the use of the Taser electroshock device [and] in the care of individuals who are Tasered by such officers." *Id*. at 5. Plaintiff claims that that these practices caused Decedent's death. *Id.*

On August 22, 2012, Plaintiff sent a Notice of Deposition Duces Tecum Pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Notice") to Defendant Luna County, commanding the County to "designate one or more officers . . . to testify on behalf of Luna County." *Doc. 93*, Ex. 1 at 1. The Notice requested that the designated officer[s] be prepared to testify about ten subjects, including LCDC's video recording of Plaintiff; the surveillance systems at LCDC; the training provided to Josh Elford, Jonathan Chavez, Yolanda Edwards, and Robert McGrael; the discipline of LCDC employees during the administration of Warden John Krehbiel; the Super Trustee program at

LCDC; and the information used to produce County press releases concerning Decedent. *Id.,* Ex. 1 at 1-4.

The Notice also requested that the County bring specific documents to the deposition. *Id.,* Ex. 1 at 5. These included all communications regarding video and audio recordings of Decedent; all copies of such recordings; the materials used to train Josh Elford, Jonathan Chavez, Robert McGrael, and Yolanda Edwards; all reports and complaints of the use of excessive force during the administration of Warden Krehbiel; all documents concerning the Super Trustee program; and all data downloads from the Taser used on Decedent. *Id.,* Ex. 1 at 5-6. Both instant motions arise out of disputes over the 30(b)(6) deposition as noticed.

## II.     Documents Noticed for Examination under Rule 30(b)(2)

Plaintiff's Fourth Motion to Compel is focused on the documents the Notice demands be brought to the 30(b)(6) deposition(s). Defendant Luna County has objected to producing the documents arguing that the various document demands should properly be considered requests for production under Rule 34 and therefore subject to the rules and limits of such requests. Plaintiff argues that utilizing a notice under Rule 30(b)(2) is a completely separate discovery mechanism and, even though Rule 34 could also be utilized for this purpose, the choice between which method to use is his alone. The question then is whether, when a party is noticed to bring documents to a deposition: (i) Rule 30(b)(2) creates a completely independent basis on which to seek

3

documents, (ii) all documents sought from a party through a Rule 30(b)(2) notice must go through the mechanism of Rule 34, or (iii) there is an interrelationship between these rules which requires some middle path.

 Federal Rule of Civil Procedure 30(b)(2) provides that:

> If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

Many courts have recognized a significant interrelationship between document demands to a party under Rule 30(b)(2) and Rule 34 requests for production. Consequently, these courts have required Rule 30(b)(2) demands for documents to satisfy the procedural requirements of Rule 34. *See, e.g., Dowling v. Cleveland Clinic Foundation*, 593 F.3d 472, 479 (6th Cir. 2010) ("requests for production of documents accompanying a notice of deposition to a party deponent must be sent at least 30 days before the deposition" as required by Rule 34(b)(2)); *Roofers Local 149 Sec. Benefit Trust Fund v. Milibrand Roofing Group, Inc.*, No. 05-cv-60218, 2007 WL 2421479, at *1 (E.D. Mich. Aug. 22, 2007) ("Because the Advisory Committee anticipated that parties would be requested to bring documents to their depositions, Fed.R.Civ.P. 30(b)(5) [Rule 30(b)(2)'s predecessor] makes it clear that if documents are required at a deposition of a party, the party seeking the documents must comply with Rule 34 . . . ."); *Richardson v. Rock City Mech. Co.*, No. 3-09-0092, 2010 WL 711830, at *4 (M.D. Tenn. Feb. 24, 2010)

(finding request for documents in a notice of a Rule 30(b)(6) deposition subject to requirements of Rule 34); *RM Dean Farms v. Helena Chem. Co.*, No. 11-cv-00105, 2012 WL 169889, at *2 (Jan. 19, 2012 E.D. Ark.) (same); *In re GB Herndon & Assoc., Inc.*, No. 10-00945, 2011 WL 3811049, at *1 (Bankr. D.D.C. Aug. 29, 2011) ("A [Rule 30(b)(6)] deposition subpoena to a party may not be utilized to circumvent the 30–day response time provided for in Fed.R.Civ.P. 34."); *Bank of Am. v. Travelers Indem. Co.*, No. C07-0322, 2009 WL 529235, at *1 (W.D. Wash. Mar. 2, 2009) (same); *New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916, 2007 WL 1068124, at *2 (S.D. Fla. Apr. 6, 2007) ("Under Rule 30(b)(5), a notice of a party deposition may include a document request but only if the procedures provided in Rule 34 are satisfied.").

Treatises also support this view. Wright and Miller's *Federal Practice & Procedure* notes that the language in Rule 30(b)(2) stating that a "notice to a party deponent may be accompanied by a request under Rule 34 to produce documents" is intended to "invoke[] the procedural provisions of Rule 34(b)." Charles Alan Wright & Arthur R. Miller, 8A *Federal Practice & Procedure* § 2108 (3d ed.); *see also id*. §§ 2204, 2114. *Federal Procedure Lawyers Edition* agrees, stating that "the production of documents at a deposition duces tecum necessarily involves the nexus between Rules 30 and 34, and to the extent that objection is made to the production of documents rather than the deposition itself, Rule 34 governs." 10A Fed. Proc. L. Ed. § 26:450.

Consequently, the Court rejects Plaintiff's position that Rule 34 limitations are

irrelevant to Rule 30(b)(2) document demands.  However, Defendant's position that Rule 34 completely subsumes 30(b)(2) document requests to a party is also flawed.  As an initial matter, Rule 30(b)(2) does not say a notice to a party deponent **must** be accompanied by a request under Rule 34 – it says "may."  Presumably, the permissive verb was chosen intentionally.  Moreover, the Advisory Committee Notes indicate that Rule 30(b)(2) requests for documents, even to parties, are distinct from Rule 34 requests.  In fact, the Notes address the very issue before the Court when they state:

> Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available.  When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery.  If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone.

Fed. R. Civ. P. 30(b)(5) advisory committee's notes.

Other courts have relied on this note to distinguish whether a particular document request to a party should be governed by Rule 30 or Rule 34. *See, e.g.*, *Carter v. United States*, 164 F.R.D. 131, 133 (D. Mass. 1995); *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98C-0509, 2001 WL 817853, at *4-*5 (N.D. Ill. July 19, 2001); *BKCAP, LLC v. Captec Franchise Trust 2000-1*, No. 07-cv-637, 2010 WL 1710391, at *3 (N.D. Ind. Apr. 26, 2010).  As the *Carter* court explained, "a document request under Rule 30(b)(5) is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request."

6

*Carter*, 164 F.R.D. at 133; *see also In re GB Herndon*, 2011 WL 3811049, at *1; *Bank of Am. v. Travelers Indem. Co.*, 2009 WL 529235, at *1; *New World Network Ltd.*, 2007 WL 1068124, at *2. Therefore, "document requests which fall under the rubric of a Rule 30(b)(5) deposition should be 'few and simple' and 'closely related to the oral examination' sought. Otherwise, the Court may assume that the document request falls under Rule 34 . . . ." *Id*. In that case, the court found that the plaintiff's deposition notices were so "heavily laden with document requests and divorced from any articulated bases for the oral testimony," that they were properly governed by Rule 34. *Id.*

This Court agrees with and will adopt the approach of the *Carter* court. Therefore, the issue becomes whether the documentary requests in Plaintiff's deposition notice are "few and simple" and "closely related to the oral examination" sought. First, they are neither few nor simple. The categories of requested documents are broad, extensive and wide-ranging. *See, e.g., doc. 93*, Ex. 1 at 5-6 ("[a]ll memos, emails, electronic communications and other documents evidencing communications by and between all persons involved in the decisions regarding what video and audio recordings . . . would be preserved and all such documents which relate to the decisions made . . . .;" "[a]ll back up and archived copies of all video and audio recordings of the Plaintiff;" extensive requests for "course materials used to provide" training for four different guards; "[a]ll inmate reports and complaints of the use of excessive force…;" "[a]ll notes, memos, emails, electronic communications and other documents"

7

regarding the "super trustee" program). Moreover, although the documents sought broadly relate to the deposition testimony, they are not fairly characterized as a "complement" to the deposition, but instead are standalone document requests. Indeed, at the hearing on this motion, Plaintiff's counsel admitted that he had requested most of the documents in prior requests for production. Thus, the Court finds that the document requests in Plaintiff's Notice are not proper under Rule 30.

Consequently, the Court will deny the motion to compel production of those items. However, notwithstanding the close of discovery, the Court will permit Plaintiff seven days from the date of this Order to promulgate a request for production under Rule 34 seeking documents sought in his Notice to the extent that Plaintiff has a remaining allocation of Rule 34 requests under the Court's prior discovery orders.[1]

## III. Disputes over Rule 30(b)(6) deposition

Defendant's Motion for Protective Order is premised upon a number of objections to the Rule 30(b)(6) deposition sought by Plaintiff.

Defendant objects because "the very nature of this 30(b)(6) Notice clearly contemplates that numerous individuals would need to be produced in order to cover the stated topics, thus clearly circumventing the limits set on depositions . . . ." *Doc. 102* at 2. Admittedly, given the nature of the topics contained in Plaintiff's Notice,

---

[1] To be clear, this exception does not permit Plaintiff to seek all documents sought in the Notice in one Rule 34 request. If Plaintiff has only one remaining Rule 34 request, he may use it to request one of the categories of documents sought in the Notice.

depositions of several individuals will be necessary. Nonetheless, Rule 30(b)(6) depositions are different from depositions of individuals. As the Advisory Committee Notes to the 1993 amendments to the Federal Rules expressly state: "A deposition under Rule 30(b)(6) should, for the purposes of [the numerical limit for depositions] be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30(a) advisory committee's notes; *see, e.g., Quality Aero Tech., Inc. v. Telemetrie Elektronik,* 212 F.R.D. 313, 319 (E.D.N.C. 2002). Therefore, Defendant's objection based on the Notice allegedly violating the numerical limits for number of depositions is not well-taken.

Defendant also objects to the Notice because the topics are "wholly duplicative of other discovery," would impose an undue burden on Defendant to properly prepare the deponent(s), and are "wholly irrelevant." *Doc. 102* at 4-6. Having reviewed the topics noticed by Plaintiff under the standard of Rule 26, the Court is persuaded that each topic is relevant to Plaintiff's claim. Moreover, even if some of the topics have been addressed in interrogatories and document disclosure, a Rule 30(b)(6) deposition is designed to put the organization's position on the record, give reasons for that position and stand subject to cross-examination. Other forms of discovery do not necessarily accomplish all these goals. This is not to say that, in certain circumstances, a 30(b)(6) notice could be improper for being duplicative of other discovery. However, Defendant, who has the burden to establish a basis for the protective order, has not

persuaded the Court on this point in this case.

Finally, Defendant complains that, given the nature of the notice, preparation of deponent(s) will be unduly burdensome. At the hearing, Defendant's counsel argued that several of the topics were not within the knowledge of Defendant. As noted at the hearing, a Rule 30(b)(6) deponent testifies on behalf of the entity. Entities "have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999). While this obligation includes the obligation to investigate the topics and prepare the deponent(s), it does not extend beyond information "known or reasonably available to the organization." Fed. R. Civ. P. Rule 30(b)(6). With this limit based on reasonableness inherent in the rule, Plaintiff's Notice does not impose an undue burden on Defendant. Therefore, Defendant's objections based on duplication, irrelevance and undue burden will be overruled.

IV. **Rule 37 Costs**

Both parties seek costs for litigating these motions. While the Court would ordinarily grant costs under Rule 37 to the prevailing party on these motions, given the related nature of these two motions, the unified hearing on them and the fact that each party prevailed on one, the Court will not charge either side for costs.

## V.       Conclusion

Plaintiff's Fourth Motion to Compel (*doc. 93*) is DENIED.  Defendant Luna County's Motion for Protective Order (*doc. 102*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE