IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

      Plaintiff,

vs.                               No. CIV 11-0676 RB/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Consider Appropriateness of Personal Representative and to Appoint a Guardian Ad Litem for the Minor Beneficiaries (Doc. 182). The Court's jurisdiction arises under 28 U.S.C. § 1331 and 1367. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court denies this motion.

## I.    Background

On March 3, 2011, at about 8:00 p.m., Deming police were dispatched in response to a 911 hang up call. The police officers found Christopher Aparicio in a nervous and paranoid state. Mr. Aparicio informed the police that people wanted to kill him and he was on probation. Mr. Aparicio gave the police the name of his probation officer and asked to sit in the police car. On the way to the police department, Mr. Aparicio admitted to using methamphetamine. The police officers contacted Mr. Aparicio's probation officer, who informed them an arrest warrant would

be faxed to the police department.  The police officers arrested Mr. Aparicio for violating the conditions of his probation and Mr. Aparicio indicated he understood.  The police officers handcuffed Mr. Aparicio and transported him to the Mimbres Memorial Hospital for a medical examination.

At the hospital, Mr. Aparicio was cooperative and the examination was normal.  Medical personnel noted that Mr. Aparicio was restless but not agitated.  After Mr. Aparicio was released from the hospital, he was transported to the Luna County Detention Center.

At the detention center, Mr. Aparicio was placed in a booking cage.  Mr. Aparicio became agitated and asked repeatedly why he was in jail.  When the booking officer informed him he would have his photograph taken, Mr. Aparicio became more agitated.  The booking officer called for back up.  Several detention officers arrived and the situation escalated.  A detention officer used a Taser three times on Mr. Aparicio.  Mr. Aparicio charged out of the cage, a detention officer slammed him to the floor, and several detention officers held him down.  Plaintiff alleges that after he was handcuffed, detention officers continued to restrain Mr. Aparicio in a prone position even after he became unresponsive.

Emergency medical personnel transported Mr. Aparicio to Mimbres Memorial Hospital. When Mr. Aparicio arrived back at the hospital, less than an hour after he had been medically cleared for detention, he had experienced a collapsed lung, brain anoxia, and cardio-pulmonary arrest.  Mr. Aparicio was transported to Mountain View Regional Medical Center in Las Cruces, where he died two weeks later.

At his untimely death, Mr. Aparicio was twenty-four years old and unmarried.  He had two children: Christopher Aparicio, Jr., born to Sonya Bernall on October 18, 2005, and Kiana

Jade Mediano, born to Vanessa Mediano on November 27, 2007.

Mr. Aparicio's mother, Ana Quintana, retained Nathan Gonzales, a licensed New Mexico attorney, to pursue the wrongful death action.[1]  Charles Kretek, a friend and colleague of Mr. Gonzalez and a licensed New Mexico attorney, agreed to serve as the personal representative in the wrongful death action.  On May 11, 2012, Judge Gary Jeffreys of the Sixth Judicial District Court of the State of New Mexico "informally appointed" Mr. Kretek as the Personal Representative of the Estate of Christopher Aparicio, Deceased.  (Doc. 182-2).

Mr. Kretek brought this action for monetary damages pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. §§ 41-2-1 through  41-2-4, the New Mexico Tort Claims Act, N.M. STAT. ANN. §§ 41-2-1 through  41-2-4, and 42 U.S.C. § 1983.  Defendants ask the Court to consider the appropriateness of Mr. Kretek to serve as personal representative, to add the mothers of the children as Plaintiffs, and to appoint a guardian ad litem for the minor children. In the alternative, Defendants seek a ruling that any and all claims the beneficiaries have or could have had against the Defendants arising out of the death of Mr. Aparicio are extinguished in this litigation.  Mr. Kretek opposes the motion.

## II.    Discussion

The New Mexico Wrongful Death Act is a survival statute that provides a cause of action for what the decedent would have been entitled to recover had death not ensued.  *See* N.M. STAT. ANN. § 41-2-1; *Romero v. Byers*, 872 P.2d 840, 846 (N.M. 1994).  A wrongful death action must be brought by and in the name of the personal representative of the decedent.  N.M. STAT. ANN. § 41-2-3.  "The personal representative is only a nominal party who was selected by the Legislature

---

[1] Duff Westbrook, another licensed New Mexico attorney, is co-counsel for Plaintiff.

to act as the statutory trustee for the individual statutory beneficiaries" in order to "centralize the claims and prevent multiple and possibly contradictory lawsuits." *Chavez v. Regents of Univ. of N.M.*, 711 P.2d 883, 885-866 (N.M. 1985).  The New Mexico Supreme Court broadly construes who qualifies as a personal representative under the Wrongful Death Act.  *Id*. at 886.  " 'The important thing is that the action shall not fail because of the absence of a party capable of suing . . . .' " *Id*. (quoting *Henkel v. Hood*, 49 N.M. 45, 156 P.2d 790 (N.M. 1945)).

A personal representative, as defined by the Wrongful Death Act, is not the same as a personal representative under the Probate Code.  *In re Estate of Sumler*, 62 P.3d 776, 778 (N.M. Ct. App. 2002).  A suit under the Wrongful Death Act has no relation to the estate.  *Id,* 62 P.3d at 779.  "While the administrator [of the decedent's estate] may be the [wrongful death action] personal representative, there may be a personal representative who is not the administrator." *Stang v. Hertz Corp.*, 463 P.2d 45, 53 (N.M. Ct. App. 1969).  Notably, a personal representative appointed pursuant to Section 41-2-3 serves as trustee for statutory beneficiaries.  *See* N.M. STAT. ANN. § 41-2-3.  A statutory beneficiary may recover damages from the personal representative if the personal representative fails to fulfill his statutory responsibilities.  *See Leyba v. Whitley*, 907 P.2d 172, 174 (N.M. 1995); *Dominguez v. Rogers*, 673 P.2d 1338, 1342 (N.M. 1983).  Mr. Kretek is an attorney and he can objectively evaluate litigation strategies to maximize recovery for the statutory beneficiaries.  If he fails to carry out his legal and fiduciary obligations, the beneficiaries may sue him.  Mr. Kretek is an appropriate personal representative under the Wrongful Death Act.

The New Mexico Wrongful Death Act specifies that the personal representative serves as a statutory trustee for identifiable beneficiaries in the line of named kinship or descent and the

4

proceeds are distributed to the statutory beneficiaries.  N.M. STAT. ANN. § 41-2-3.  The record indicates that Mr. Aparicio never married and he had two children.  If the decedent has no spouse, "but a child or grandchild, then [the proceeds are distributed] to such child and grandchild by right of representation."  N.M. STAT. ANN. § 41-2-3(C).  Assuming Mr. Aparicio was unmarried and he had no other children, Christopher Aparicio, Jr. and Kiana Jade Mediano would be the statutory beneficiaries of the proceeds of any judgment obtained in this matter.

Defendants ask the Court to require that the mothers of the children be added to this litigation and a guardian ad litem be appointed.  Defendants are concerned that Mr. Kretek rejected their settlement offers without informing the mothers of the children.  However, as the personal representative, Mr. Kretek must decide whether a settlement offer should be accepted. Defendants are also concerned that the due process rights of the beneficiaries are compromised because their mothers neither received notice nor consented to Mr. Kretek's appointment as personal representative.  Mr. Kretek testified in his deposition that he believed that the mothers of Mr. Aparicio's children had received notice of his appointment as personal representative.  As an attorney and officer of the Court, Mr. Kretek is aware of his legal and fiduciary obligations to the beneficiaries and his potential liability should he fail to fulfill his duties.  In that Mr. Kretek is an appropriate personal representative, there is no need to add the children's mothers as parties or to appoint a guardian ad litem at this time.  However, the Court directs Mr. Kretek or his counsel to advise Sonya Bernall and Vanessa Mediano of their children's interests as statutory beneficiaries and Mr. Kretek's responsibilities to the children.

In the alternative, Defendants request an affirmative ruling that any and all claims the beneficiaries have or could have had against the Defendants arising out of the death of Mr.

Aparicio are extinguished in this litigation.  The New Mexico Wrongful Death Act expressly requires that the personal representative bring the action to "centralize the claims and prevent multiple and possibly contradictory lawsuits."  *Chavez*, 711 P.2d at 885-86.  It is clear that New Mexico law provides that the beneficiaries will be bound by the outcome of this lawsuit.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Consider Appropriateness of Personal Representative and to Appoint a Guardian Ad Litem for the Minor Beneficiaries (Doc. 182) is **DENIED.**

**IT IS FURTHER ORDERED** that Mr. Kretek or his counsel advise Sonya Bernall and Vanessa Mediano of Mr. Aparicio's children's interests as statutory beneficiaries and Mr. Kretek's responsibilities to the children.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**