IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

vs.                                                  No. CIV 11-0676 RB/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Strike an Inadequately Disclosed Witness (Doc. 160). Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court denies this motion.

Defendants move to strike Eric Tindall as a witness on the ground that Plaintiff failed to disclose adequate identifying information about him. Plaintiff opposes the motion. In their reply brief, Defendants contend that Plaintiff acted in bad faith by attaching Mr. Tindall's affidavit to his Response in opposition to Defendant's Motion for Summary Judgment and request that the affidavit be stricken.

Mr. Tindall was a detainee at the Luna County Detention Center on the night of the incident and an eyewitness to the events giving rise to Plaintiff's claims. Plaintiff timely disclosed Mr. Tindall as a witness on December 9, 2011, January 9, 2012, and August 28, 2012. Plaintiff gave Mr. Tindall's address as 1060 Del Sol Road, Deming, New Mexico, 88030. Discovery terminated on December 14, 2012. Plaintiff's counsel was unaware that Mr. Tindall had moved until December 31, 2012. On that date, defense counsel emailed Plaintiff's counsel to inquire whether

Plaintiff would oppose a motion to strike Mr. Tindall. Plaintiff's counsel telephoned Mr. Tindall and obtained his new address. On January 10, 2013, Plaintiff's counsel sent a letter to defense counsel containing Mr. Tindall's new address of 1185 Del Sol Road SE, Deming, New Mexico 88030. One week later, on January 17, 2013, Plaintiff filed Mr. Tindall's affidavit. (Doc. 166-18).

Defense counsel did not confer in good faith with Plaintiff's counsel to obtain Mr. Tindall's telephone number or his new address as required by Federal Rule of Civil Procedure 37(a)(1). That alone is grounds to deny the motion. Plaintiff's counsel disclosed the new address within a reasonable time after defense counsel advised that the information was incorrect. Defense counsel never requested the phone number. In that the Tindall affidavit was filed a week after Plaintiff's counsel disclosed the new address, Plaintiff did not act in bad faith.

It bears underscoring that Mr. Tindall had been an inmate at the Luna County Detention Center. Defense counsel was accompanied by a law enforcement officer when she visited Mr. Tindall's former address. Undoubtedly, Defendants had access to Mr. Tindall's identifying information and, with minimal effort, could have determined his new address, which is just down the road from his old address. Plaintiff's counsel was unaware that Mr. Tindall had moved. If defense counsel had conferred in good faith with Plaintiff's counsel before the discovery deadline, counsel could have obtained the information without court action. Under these circumstances, there is no basis for striking Mr. Tindall or his affidavit.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Strike an Inadequately Disclosed Witness (Doc. 160) is **DENIED.**

*/s/ Robert Brack*
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**