FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

13 MAR 26 AM 9:03

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

vs.                                                                                         No. CIV 11-0676 RB/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Chavez' Motion to Dismiss and/or Strike Defendant Jonathan Chavez as a Party Herein or in the Alternative to Permit Defendant Chavez to Conduct Discovery and Submit Motions on His Behalf (Doc. 179). The Court's jurisdiction arises under 28 U.S.C. § 1331 and 1367. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court denies the motion and grants the request for alternative relief.

**I.    Background**

On May 24, 2011, Plaintiff filed suit in state court pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. §§ 41-2-1 through 41-2-4, the New Mexico Tort Claims Act, N.M. STAT. ANN. §§ 41-2-1 through 41-2-4, and 42 U.S.C. § 1983. The original Complaint named the Board of County Commissioners of Luna County, Luna County Detention Center Administrator John R. Sutherland, Jr., Jane Does, and John Does as defendants. (Doc. 1-1). On August 3,

2011, Defendants removed the matter to this Court.

On June 12, 2012, Plaintiff filed a motion to amend the complaint to add Jonathan Chavez, John Krehbiel, Josh Elford, and John Robert McGrael as defendants. (Doc. 70). On July 17, 2012, before the Court ruled on the first motion to amend the complaint, Plaintiff filed a second motion to amend the complaint to add Yolanda Edwards as a defendant. (Doc. 81). On October 31, 2012, the Court granted the motions. (Doc. 133). On the same day, Plaintiff filed a Second Amended Complaint adding Jonathan Chavez and the other individuals as defendants. (Docs. 132 & 133). Plaintiff served Defendant Chavez on January 29, 2013.

Defendants contend that Defendant Chavez must be dismissed or stricken from this action because he was served after discovery terminated.[1] In the alternative, Defendant Chavez requests leave of the Court to conduct discovery and file motions. Plaintiff opposes the motion, but does not oppose allowing Defendant Chavez to join in Defendants' Motion for Summary Judgment.[2]

## II.     Discussion

Federal Rule of Civil Procedure 4(m) allows up to 120 days for service of a complaint. *See* FED. R. CIV. P. 4(m). Plaintiff served the Second Amended Complaint within 120 days of its filing. Plaintiff has shown good cause for the delay because he had to hire a private investigator to track down Defendant Chavez over three states. The delay in service does not provide a legal basis for dismissal of the claims against Defendant Chavez and his motion to dismiss or strike is denied. However, the delay constitutes good cause to reopen discovery. *See* FED. R. CIV. P.

---

[1] General discovery terminated on October 9, 2012. Limited discovery was extended to November 30, 2012 and December 14, 2012. (Docs. 128 & 142).

[2] Defendants Motion for Summary Judgment was filed on December 14, 2012 and is fully briefed. (Doc. 152).

16(b)(4) (requiring "good cause" to amend pretrial deadlines). In the interest of fairness, the Court will reopen general discovery for a period of sixty days and allow Defendant Chavez the opportunity to file motions. The Court will rule on Defendants' Motion for Summary Judgment without waiting for Defendant Chavez to file separate motions. If Defendant Chavez wishes to join in the currently pending Motion for Summary Judgment he may file a notice of joinder by April 1, 2013.

The pretrial conferences and jury trial are vacated and the following pretrial deadlines are imposed. The termination date for discovery is May 22, 2013. This deadline shall be construed to require that discovery be completed on or before the above date. Motions relating to discovery shall be filed with the Court and served on opposing parties by May 29, 2013. Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing counsel by June 12, 2013. Counsel are directed to file a consolidated Amended Pretrial Order as follows: Plaintiff to Defendant on or before July 10, 2013; Defendant to Court on or before July 24, 2013. The pretrial conferences and trial will be reset as the calendar of the Court permits.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**