IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLES C. KRETEK, as**
**Personal Representative of**
**Christopher Aparicio, Deceased,**

      **Plaintiff,**

vs.                                             **No. CIV 11-0676 RB/GBW**

**BOARD OF COMMISSIONERS**
**OF LUNA COUNTY, JOHN KREHBIEL,**
**JOSH ELFORD, JONATHAN CHAVEZ,**
**JOHN ROBERT MCGRAEL, and**
**YOLANDA EDWARDS,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the New Mexico Corrections Department's ("NMCD's") Motion to Quash Subpoena. (Doc. 194). Defendants oppose this Motion. The Court's jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court grants the Motion.

**I.  Background**

Christopher Aparicio sustained serious injuries during an altercation with detention officers while he was in the custody of the Luna County Detention Center (LCDC) in Deming, New Mexico, and died as a result. Plaintiff brings this action for monetary damages as personal representative of Mr. Aparicio pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. §§ 41-2-1 through 41-2-4, the New Mexico Tort Claims Act, N.M. STAT. ANN. §§ 41-2-1 through 41-2-4, and 42 U.S.C. § 1983.

Austin Barshaw is currently an inmate of the NMCD, and he was confined in a holding cell at the LCDC when the incident occurred. As a result, he witnessed the altercation. Defense

counsel issued a subpoena seeking "all records regarding Austin Barshaw, DOB 02/02/1990 from Western New Mexico Correctional Facility or any other New Mexico Correctional Facility regarding Mr. Barshaw." NMCD moves to quash the subpoena based on the confidential nature of medical, mental health, and other social records. Defendants respond that Mr. Barshaw may have psychological issues which affect his judgment and ability to perceive, and he was taking medication at the time of the incident.

## II.     Discussion

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to non-parties. *See* FED. R. CIV. P. 45. The Court must quash a subpoena if the subpoena requires disclosure of privileged or otherwise protected materials. *See* FED. R. CIV. P. 45(c)(3)(iii). Mr. Barshaw's NMCD records are protected from disclosure by the New Mexico Inspection of Public Records Act, N.M. STAT. ANN. § 14-2-1(A)(1). When applying Rule 45, the Court is required to balance the standards of relevance, need, confidentiality, and harm. *Insulate Am. v. Masco Corp.,* 227 F.R.D. 427, 432 (W.D.N.C. 2005) (citations omitted). "Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Id*. Defendants have not shown a need for the records. Any alleged need related to impeachment is outweighed by confidentiality of the records and potential harm to the witness. Under these circumstances, the Motion to Quash Subpoena is granted.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**