# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as personal
representative of CHRISTOPHER
APARICIO, deceased,

      Plaintiff,

    vs.                                     No. CIV 2011-676-RB/GBW

BOARD OF LUNA COUNTY
COMMISSIONERS, et al.,

      Defendants.

## AMENDED PRETRIAL ORDER

    This matter is before the Court pursuant to Fed.R.Civ.P. 16.   The parties conferred and

submit the following Pretrial Order.

## I.   APPEARANCES

Attorneys who will try the action:

    For Plaintiff(s)     Duff Westbrook
                          Sanders & Westbrook
                          102 Granite Ave. NW
                          Albuquerque, NM 87102
                          (505) 243-2243
                          d.sanderswestbrook@qwestoffice.net

                          and

                          Nathan Gonzales
                          Gonzales Law Firm
                          925 North Hudson Street
                          Silver City, NM 88061
                          (575)388-8015
                          nathan@gonzaleslaw.us

For Defendant(s)          Jonlyn M. Martinez
                          Law Office of Jonlyn M. Martinez, LLC
                          PO Box 1805
                          Albuquerque, NM 87103-1805
                          (505) 247-9488
                          jonlyn@jmartinezlaw.net

## II.   JURISDICTION AND RELIEF SOUGHT

**A.   Subject Matter Jurisdiction.**

    **1.   Was this action removed or transferred from another forum?  _X_ Yes _____ No.**

    If yes, was the action removed or transferred?

    __X__   Removed   _____   Transferred   _____ Original forum

    **2.   Is subject matter jurisdiction of this Court contested?**

    __X__ Uncontested   _____   Contested   _____ Party contesting

    **3.   Asserted basis for jurisdiction.**

    __X__   Federal Question   _____   Diversity   _____   Other

    Statutory Provision(s) Invoked: 42 U.S.C. §1983

**B.   Personal Jurisdiction and Venue.**

    **1. Is personal jurisdiction contested?**

    __X__   Uncontested _____   Contested

    Identify the party contesting personal jurisdiction and basis for objection:

    _____

    **2. Is venue contested?**

    __X__   Uncontested _____   Contested   _____ Party contesting

**C.  Are the proper parties before the Court?**

　　__X__　　Uncontested ＿＿＿　Contested

If contested, identify each missing party or improper party and the basis for the contention:

**D.  Identify the affirmative relief sought in this action.**

　　1.  Plaintiff seeks:　A judgment in Plaintiff's favor on Plaintiff's federal and state law claims which awards Plaintiff compensatory and punitive damages in an amount to be determined by the fact finder, pre and post judgment interest, and attorney's fees and costs.

　　2.  Defendants seeks: Dismissal with prejudice of all of Plaintiff's claims and his requested relief as well as attorneys' fees and costs.

### III.   BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A.  Plaintiff's claims:** Plaintiff contends the Defendants are liable for the wrongful death of the Decedent under the Tort Claims Act as a result of having negligently used excessive force to restrain the Decedent while he was being booked into Luna County Detention Center and assaulted and battered the Decedent, thereby causing the Decedent's death. The Plaintiff also claims the Defendants negligently failed to provide adequate medical care to the Decedent after the risk of serious injury and death to the Decedent became obvious, and that the Defendants negligently breached their duties to provide a reasonably safe and secure environment to persons in their custody, to protect the Decedent from injury due to the application of excessive force, to adequately train and supervise jail guards, and to provide adequate and timely medical care to persons in their custody. Plaintiff has also brought five federal law claims pursuant to 42 U.S.C §1983.  First, Plaintiff contends Defendants Elford, Chavez and McGrael used excessive force

which was grossly excessive in relation to the threat posed by the Decedent and the need for force presented by the Decedent's actions, and that their actions were motivated by excessive zeal or malice toward the Decedent and resulted in the Decedent's death.  Second, Plaintiff claims Defendant McGrael failed and refused to provide the Decedent with adequate medical care when it became obvious that the Decedent did not pose a risk of harm to himself or others, was unresponsive and unable to breathe, and that the need to provide the Decedent with medical treatment in order to prevent his death or serious injury from positional asphyxia was obvious. Third, Plaintiff claims Defendants Elford, Chavez, and McGrael violated his fourteenth amendment substantive due process rights when they used excessive force against the Decedent, and refused to provide him with medical care in deliberate indifference to and reckless disregard of the Decedent's rights, even after it became obvious the Decedent posed no risk or threat of harm to himself or others and that these Defendant's actions  caused the Decedent to suffer a collapsed lung, brain anoxia and cardiopulmonary arrest which in turn led to the Decedent's death.  Fourth, Plaintiff claims Defendant Edwards violated Decedent's fourteenth amendment rights when she failed to adequately supervise the actions of the jail guards who restrained the Decedent and take any action to prevent them from positionally asphyxiating the Decedent even though she knew the guards' actions were contrary to the training they received in the use of force and positional asphyxia and posed a substantial risk of serious injury or death to the Decedent, and when she failed to take any action to ensure the Plaintiff needed medical care when the need for that care was obvious. Fifth, Plaintiff claims Defendants Krehbiel and Luna County Board of County Commissioners violated the Decedent's constitutional rights when they failed to adequately train jail guards in the use of force, the risks of serious injury and death

4

posed by positional asphyxia, and the provision of adequate medical care to persons within their custody, and that the need for additional and different training was so obvious that the failure to provide that training was deliberately indifferent to the Decedent's constitutional rights.

**B. Defendant's defenses:** Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted. Plaintiff's Complaint is barred in whole, or in part, by the doctrines of qualified immunity and/or absolute immunity. At all times, the Defendants acted in good faith, reasonably, with justification, without malice, for legitimate penological reasons, without knowledge of any serious risk to the Decedent, without deliberate indifference to Decedent's rights and none of the Defendants' actions shock the conscience. The acts or omissions of persons other than the Defendants constitute the sole proximate cause of the injuries and damages, if any, alleged by the Plaintiff. The Defendants' purported actions and alleged omissions do not rise to the level of any statutory or constitutional deprivation of Decedent's rights, nor do they amount to deliberate indifference, nor do they shock the conscience, nor do they constitute a pattern of unconstitutional acts which would subject them to liability. Plaintiff's claims for damages, including punitive damages, attorneys' fees and other relief sought, are barred or limited, in whole or in part, by law. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands. Plaintiff's claims against the Defendants are barred due to Plaintiff's failure to allege or demonstrate a pattern of alleged unconstitutional acts, and/or by Plaintiff's failure to demonstrate that the Defendants acted with deliberate indifference to Decedent's rights or in such a manner as to shock the conscience, and/or by Plaintiff's failure to demonstrate that the Defendants acted, authorized or approved alleged unconstitutional acts by the adoption and/or implementation of an official plan or policy.

The Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff was required and failed to seek, follow or exhaust any applicable administrative or statutory remedies or requirements. The Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff was required to but failed to comply with the terms of the Prison Litigation Reform Act. To the extent Plaintiff alleges that the Defendants were at fault under any theory, which is denied, Decedent and/or other third persons were at fault, thereby barring or reducing Plaintiff's recovery from the Defendants under the principles of comparative fault. To the extent that the Plaintiff alleges any damage against Defendants, which Defendants denies, any such alleged damages are barred or reduced to the extent that the Plaintiff was required but failed to mitigate such damages. Plaintiff's claims are barred or reduced by the terms of the New Mexico Tort Claims Act.  The Defendants also incorporate by reference all arguments and authority contained in the Defendants' Motion for Summary Judgment and Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. Finally, the Defendants state that at no time did the Defendants engage in any excessive use of force.  All force used was reasonable and necessary under the circumstances.  Medical care was provided to the Decedent at all times material hereto.  Finally, the Plaintiff admitted in his Response to the Defendants' Motion for Summary Judgment [Document No. 166, p. 39] that it is the alleged physical restraint of the Plaintiff in a prone, hog tied position for several minutes after the Plaintiff no longer posed any threat, *after he had been Tased*, that forms the basis of the Plaintiff's excessive force claim.  Therefore, based on the Plaintiff's admissions, the use of the taser and pepper spray on the Decedent do not form the basis of the Plaintiff's claim of excessive force in this matter.

## IV.   FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.  Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

a.     On March 3, 2011, Christopher Aparicio was under the influence of methamphetamine.

b.  On March 3, 2011, Christopher Aparicio called 911.

c.  On March 3, 2011, Christopher Aparicio was in violation of the conditions of his parole because he was under the influence of methamphetamine.

d.  Before he was taken to the Luna County Detention Center, Christopher Aparicio was taken to Mimbres Memorial Hospital in Deming, New Mexico and was medically cleared to be incarcerated.

**B.  Contested Material Facts.**

**1.**  Plaintiff's Contentions:

a.  Decedent occupied the status of a pre-trial detainee while in the custody of Luna County Detention Center on March 3 and 4, 2011.

b.  Defendants Josh Elford and Jonathan Chavez were employed by Luna County Detention Center as detention officers on March 3 and 4, 2011, and acted within the course and scope of their duties.

c.  Defendant John Robert McGrael was employed by Luna County Detention Center as a detention officer and medical officer on March  3 and 4, 2011, and acted within the course and scope of his duties.

d.   Defendant Yolanda Edwards was employed by Luna County Detention Center as a Sargent on March 3 and 4, 2011, was responsible for supervising the actions of Defendants Elford, Chavez and McGrael, and acted within the course and scope of her duties.

e.   Defendant John Krehbiel was employed by Luna County Detention Center as warden and administrator on March 3 and 4, 2011, and acted within the course and scope of his duties.

f.   Defendant Luna County Board of County Commissioners is a political subdivision of the State of New Mexico and owned and operated the Luna County Detention Center on March 3 and 4, 2011.

g.   The mission of the Luna County Detention Center (hereinafter "LCDC") is to establish a safe, secure and humane facility for persons detained and incarcerated in that facility.

h.   Deming Police officers took the Decedent to a local area hospital and obtained a medical clearance from Dr. Husan Adnan which cleared the Decedent to be incarcerated.

I.   Defendants breached their duty to provide a reasonably safe environment for and ensure the safety of the Decedent.

j.   Defendants breached their duty to protect the Decedent from being subject to excessive force.

k.   Defendants breached their duty to provide adequate medical care to the Decedent when the need for such care and the risk of serious injury or death in the absence of such care became obvious.

l.   Defendant Edwards breached her duty to adequately supervise jail employees involved in the restraint of the Decedent.

8

m.   Defendants breached their duty to adequately train their employees in the risks of serious harm and death posed by positional asphyxia and restraining persons in the prone position.

n.   Defendants used excessive force to restrain the Decedent which was grossly excessive in relationship to the threat posed by the Decedent and the need for force presented by Decedent's actions and was motivated by excessive zeal or malice toward the Decedent and was not justified by any legitimate law enforcement objective.

o.   Defendants failed to provide adequate medical care to the Decedent after it became obvious there was a substantial risk to Decedent of serious injury or death if medical care was not provided and the Decedent   posed no risk of harm to himself or others, and

p.   Defendants assaulted and battered the Decedent.

q.   Defendants acted willfully, wantonly, and with deliberate indifference to and in reckless disregard of the Decedent's rights.

r.   Decedent suffered a collapsed lung, brain anoxia and cardio-pulmonary arrest as a direct result of the Defendants' acts and omissions which caused the subsequent death of Decedent.

s. The cause of Decedent's death was asphyxiation as a result of compression and the actions of the Defendants caused the Decedent's death.

t.   Decedent suffered significant damages as a result of the Defendants' acts and omissions including but not limited to the value of his life,  pain and suffering, funeral and burial expenses, lost earnings and earning capacity.

u.   Plaintiff has incurred attorney's fees and costs in bringing this lawsuit.

9

v.   Defendants Elford, Chavez, McGrael, Edwards, and Krehbiel were law enforcement officers.

w.   Defendant McGrael was the jail's medical officer responsible for providing medical care to persons in the custody of Luna County Detention Center, and did not provide any medical care to the Decedent.

x.   Defendants failed to train jail employees in restraint techniques, the proper use of Tasers and pepper spray, the use of force, the segregation of intoxicated persons in their custody.

y.   Defendant Luna County failed in bad faith to preserve evidence probative of its liability for the Decedent's death when it knew it would be sued for the events leading to Decedent's death, and the Plaintiff was prejudiced by the County's failure to preserve evidence.

z.   The need for more and different training on use of force, restraint techniques, and positional asphyxia was obvious, and the inadequacy of the Defendants' training on these subjects was obviously inadequate.

aa.   The circumstances of Decedent refusing to comply with orders of jail personnel was a usual and recurring situation which jail employees were required to address.

bb.   Defendant Luna County knew that the lack of adequate training on positional asphyxia was substantially certain to result in the deprivation of the constitutional rights of persons in its custody.

cc.   Serious injury and death was a highly predictable and plainly obvious consequence of Defendant Luna County's failure to adequately train its employees on the risks of the use of force and positional asphyxia.

**2.**   Defendant's Contentions: The Defendants deny the Plaintiff's factual allegations and submit that the material facts in this matter are uncontested in the record, including those facts recited by the Defendants in this section of the Final Pretrial Order and as set forth in their Motion for Summary Judgment.   These facts are set forth below:

a.   On March 3, 2011, Christopher Aparicio was high on methamphetamine when he began hallucinating and he called 911 because he thought someone was trying to kill him.   b.   As a result of his drug abuse, it was determined that Christopher Aparicio was in violation of his probation/parole.

c.   Before he was taken to the Luna County Detention Center, Christopher Aparicio   was first taken to the hospital where they cleared him to be incarcerated, which he was at approximately 11:19 p.m.

d.   During the booking process, Christopher Aparicio became agitated and uncooperative.   Booking officers present called for backup, and Officers Elford and Chavez arrived. When it appeared he would cooperate, they allowed him out of the cage, but then he became combative again.   At one point, Christopher Aparicio trapped Officer Chavez in the caged area with him.   As a result, Officer Chavez used his pepper spray and Officer Elford attempted to tase the Decedent.   Neither of these courses of action had any effect on the Decedent.   The Decedent then exploded across the room, shoving officers out of his path and breaking Defendant   McGrael's collarbone in the process.

e.   The remainder of the encounter takes place in the corner of the booking room, under the camera.   However, Defendant McGrael can be seen wearing gloves, standing and squatting by Christopher Aparicio rendering him medical care.

11

f.   The EMT report establishes that Mr. Aparicio was breathing when they arrived, and that he did not stop breathing until he was placed in the ambulance, at which point they commenced CPR, which was successful.

g. Once he was taken to the ER a physical examination that the Decedent had no marks or bruises consistent with any asphyxiation, and his oxygen saturation was 97 percent with a blood pressure within normal limits.

## V.   APPLICABLE LAW

**A.   Do the parties agree which law controls the action?**

__X__  Yes  _____  No

**If yes, identify the applicable law.**  42 U.S.C. §1983 and case law construing that statute; the New Mexico Tort Claims Act and case law construing that statute; and the Fourteenth Amendment of the United State Constitution and case law construing that provision.

## VI.   CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

**1.**  Plaintiff:

a.   Whether the Defendants assaulted and battered the Decedent.

b.   Whether the Defendants were negligent.

c.   Whether the Defendants used excessive force in restraining the Decedent.

d.   Whether the Defendants were deliberately indifferent to the Plaintiff's medical needs when they failed to provide medical care to the Plaintiff after the need for such care became obvious

e.   Whether the Defendants Krehbiel and Luna County failed to train and

12

supervise Defendant Edwards, Elford, Chavez and McGrael.

   f. Whether Defendant Edwards failed to supervise Defendants Elford, Chavez and McGrael.

   g. Whether the Defendants' actions and omissions were deliberately indifferent to or in reckless disregard of the Decedent's constitutional rights.

   h. Whether the Defendants' acts and omissions proximately caused the Decedent's death.

   i . Whether Defendants Krehbiel and Luna County had a policy or custom of inadequately supervising jail employees.

   j. Whether the Defendants' conduct shocks the conscience.

   k. Whether the Defendants' actions were willful, wanton or in reckless disregard of the Plaintiff's rights.

   l. Whether Defendant Luna County spoliated evidence.

  **2.** Defendants

   The Defendants submit that they are entitled to judgment in their favor as a matter of law as more particularly set forth in their Motion for Summary Judgment [Doc. No. 221] and incorporated herein by reference.  The Defendants deny Plaintiff's allegations, deny they took any acts that proximately caused any injury or damage to Decedent, deny Plaintiff has made a showing that Defendants violated the Decedent's rights.  The individual Defendants further assert that they are entitled to qualified immunity because they did not violate the Decedent's rights or any clearly established laws.  The individually named Defendants' conduct was objectively reasonable, the Plaintiff cannot establish that the acts of any Defendant caused any

harm to the Decedent or that their alleged conduct constitutes excessive force.   The Plaintiff has

no evidence that any policy or practice of the Defendant   Luna County or its subdivisions

violated the Decedent's rights. The Decedent was not a pretrial detainee, he had already been

adjudicated. The conduct of the Defendants fails to shock the conscience and is barred because a

more explicit textual source exists for the Plaintiff's claims and no waiver exists under the New

Mexico Tort Claims Act for Plaintiff's claims, except for the Plaintiff's claim of battery.

However, the force used was justified, reasonable and appropriate under the circumstances.

Based on the foregoing, the Defendants assert that as a matter of law, Plaintiff's claims should be

dismissed with prejudice.

## VII.   MOTIONS

**A.   Pending Motions (indicate the date filed):**

    1.  Plaintiff:   None.

    2.   Defendant: Defendant Chavez's Motion for Summary Judgment filed October 31,

2013 [Doc. No.   221].

**B.   Motions which may be filed**:

    1.  Plaintiff.   Motions in limine.

    2.  Defendant: motions in limine as necessary and appropriate; Daubert motions.

## VIII.   DISCOVERY

A.   Has discovery been completed?   __X__  yes   __   no

If no, discovery terminates on   _____.

B.   Are there any discovery matters of which the court should be aware?

# IX.   ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

A.   Plaintiff's witnesses:

   1.   Plaintiff will call or have available at trial the following witnesses:

      a.   Josh Elford will testify in person about his training and experience as a detention officer, the restraint of the Decedent on March 3, 2011 and other matters testified to at his deposition.

      b.   John McGrael will testify about his training and experience as a detention officer, the restraint of the Decedent on March 3, 2011 and other matters testified to at his deposition.

      c.   Yolanda Edwards will testify in person about her training and experience as an employee of Luna County Detention Center, the restraint of the Decedent on March 3, 2011 and other matters testified to at her deposition.

      d.   Austin Barshaw will testify by deposition about the events surrounding the restraint of the Decedent on March 3 and 4, 2011 and other matters testified to at his deposition at:  page 4, lines 5-11; page 5, lines 17-25; page 6, lines 1-7, 10-25; page 7 lines 1-16, 18-19; page 8, lines 4-19, 21, 24-25; page 9, lines 1-15; page 10, lines 5-25; page 11, lines 1-25; page

15

12, lines 1-21; page 14, lines 6-25; page 15, lines 5-25; page 16, lines 1-15; page 17, lines 5-25; page 18, lines 1-5, 7-25; pages 19 & 20, lines 1-25; page 21, lines 1-22; pages 22 & 23, lines 1-25; page 24, lines 1-11, 14-25; page 25, lines 1-14, 17-25; page 26, lines 1-22; page 27, lines 6-25; page 28, lines 1-4, 7, 10-25; pages 29, 30 & 31, lines 1-25; page 32, lines 1-21; page 33, lines 7-17, 20-25; page 34, lines 1-7, 17-25; page 35, lines 1-25; page 36, lines 1-7; page 37, lines 3-25; page 38, lines 1-9; page 44, lines 16-25; 45, lines 1-5, page 56, lines 6-16; page 58, lines 16-18; page 60, lines 16-19, 23-25; page 61, lines 1-10, 22-25; and page 62, lines 1-7.

      e.   Andy Gilmore will testify in person about his training and experience at Luna County Detention Center, the training received by Defendants Elford, Chavez and McGrael, his investigation of the incident leading to the Decedent's death, his communications with John Krehbiel, Mark Jasso and other jail official regarding the same, the confiscation of his laptop computer containing recorded witness statements from the jail guards involved in the restraint of the Decedent and other matters testified to at this deposition.

      f.   Mark Jasso will testify in person about his confiscation of Sgt Andy Gilmore's laptop computer, his instructions to remove the hard drive from that computer, efforts made to locate the hard drive and recorded statements, his taking Luna County Detention Center training records and materials in to his possession, and other matters testified to at his deposition.

      g.   John Krehbiel will testify in person about his experience as a Luna County Detention Center employee and the warden of that facility, the actions he took as warden, the duties owed to persons in the custody of Luna County Detention Center owed by Luna County and other matters testified to at his deposition.

      h.   David Townsend will testify in person about the training of  Luna County

Detention Center jail guards Elford, Chavez and McGrael and other matters testified to by him as Luna County's designee at the deposition of Luna County.

 i.  Jessica Quintana will testify in person about the restraint of the Decedent on March 3 and 4, 2011, and other matters testified to in her deposition.

 j.  Eric Tindall will testify in person about the restraint of Decedent on March 3 and 4, 2011.

 k.  Jonathan Chavez will testify in person about his training and experience as an employee of Luna County Detention Center and the restraint of the Decedent on March 3, 2011.

 l.  Dr. Werner Spitz will testify in person about his opinions and the bases therefore which are set forth in his written expert report in this case.

 m.  Richard Keickbusch will testify in person about his opinions and the bases therefore which are set forth in his written expert report in this case.

 n.  William Patterson will testify in person about his opinions and the bases therefore which are set forth in his written expert report in this case.

 **2.**  Plaintiff may call the following witnesses:

 a.  Sylvia Baeza may testify in person about her training and experience as an employee of Luna County Detention Center, the restraint of the Decedent on March 3, 2011 and other matters testified to at her deposition.

 b.  Sonya Bernal may testify in person about the Decedent's relationship with her and his son and other matters testified to at her deposition.

 c.  Elizabeth El Bizri may testify in person about her efforts to locate Sgt. Andy Gilmore's laptop computer containing the recorded witness statements of jail guards involved in

17

the restraint of the Decedent, her examination of the hard drive, and other matters testified to in her deposition.

d.   Manny Armendaris may testify in person about his efforts to locate the hard drive taken from Sgt. Gilmore's laptop computer and his examination thereof

e.   Javier Gallegos may testify in person about his training as a jail guard, the restraint of the Decedent on March 3 and 4, 2011, and other matters testified to at his deposition.

f.   Dr. Melissa Gomez may testify in person about the treatment received by the Decedent between March 4, and March 11, 2011 at the Mountainview Regional Medical Center. Decedent's condition and treatment, the reasonableness and necessity of the medical treatment provided to Decedent after he was hospitalized at Mountainview Regional Medical Center on March 4, 2011,  and other matters testified to at her deposition.   If Dr. Gomez testifies by deposition, she will testify to the matters testified to at her deposition at: page 4, line 6-19, 25; page 5, line 1-6, 12-13; page 6, line 6-14, 23-25; page 7, line 1-10; page 10, line 4-12; page 11, line 19-25; page 12, line 1-6; page 13, line 15-25; page 14, line 18-25; page 15, line 1-24; page 16, line 16-25; page 17, line 1-25; page 18, line 1-8; page 19, line 3-25; page 20, line 1-21; page 21, line 18-25; page 22, line 1-25; page 23, line 1; page 24, line 8-16; page 29, line 5-6, 10-25; page 30, line 1-15; page 35, line 3-4, 7-25; page 36, line 1-9, 23-25; page 37, line 1-7, 18-25; page 38, line 1-14; page 39, line 5-8, 15, 20-21, page 40, line 1-25; page 41, line 1-16; page 42, line 6-12, 20-25; page 43, line 1-3, 5-12; page 47, line 8-25; page 48, line 1-6, 18-25; page 49, line 4-7, 12-25; page 50, line 1-10, 14-25; page 51, line 1-4, 13-25; page 52, line 1-25; page 53, line 1-6.

g.   Dr. Hassan Adnan may testify in person or by deposition about his medical

clearance of Decedent to be incarcerated at Luna County Detention Center on March 3, 2011, the findings of his examination of the Decedent, the reasonableness and necessity of the medical care he received at the Mimbres Memorial Hospital  on March 3 and 4, 2011, and other matters testified to at his deposition.   If Dr. Adnan testifies by deposition he will testify to the matters set forth at the following pages nadline of his deposition: page 4, line 6-18, 24-25; page 5, line 1-12; page 9, line 6-8; page 12, line 11-25; page 13, line 1-11; page 15, line 3-24; page 17, line 5-13; page 37, line 10-17; page 39, line 24-25; page 40, line 1-23; page 41, line 2-9; page 42, line 10-14, 21-25; page 43, line 3, 8-9, 19-25; page 44, line 1-25; page 45, line 1-11, 14-23; page 46, line 5-25; page 47, line 1-25; page 48, line 1-25; page 49, line 1-24, page 50, line 3-25; page 51, line 1-3.

h.   Michael Loya may testify in person about his training and experience as a detention officer, the restraint of the Decedent on March 3, 2011 and other matters testified to at his deposition.

I.   Vanessa Mediano may testify in person about the Decedent's relationship with her and Decedent's daughter and other matters testified to at her deposition.

j.   Carl Sanner may testify in person about the training of Luna County Detention Center guards Elford, Chavez and McGrael and other matters testified to by him as Luna County's designee at the deposition of Luna County and at his deposition.

k.   Ana Quintana may testify in person about her relationship with her son, Christopher Aparicio, Decedent's relationship with his two children, the amount of Decedent's funeral and burial expenses   and other matters testified to at her deposition.

l.   Kathy Villa may testify in person about the Decedent's relationship with his

daughter, Kiana, her daughter, Vanessa Mediano, and other matters testified to at her deposition.

m. Sammy Griego may testify in person about the training received by the individual defendants.

n. Ed Apodaca may testify about his examination, measurement and photographing of the LCDC booking area and the results of that examination.

o. Mary Aparicio may testify by deposition as follows: Page 4, line 10 - 12; page 10 , line 22 - 25; page 11, line 1 - 7; page 20,line 3 - 5, 15 - 23; page 21, line 1 - 10.

p. David Aparicio may testify by deposition as follows: page 4, line 10-12; page 5, line 18 - 19; page 6, line 3 - 6, 17 - 20; page 7, line 1 -2, 9 - 10, 16 - 17.

q. Matt Renteria may testify by prior recorded statement about the restraint of the Decedent and matters testified to in his statement to New Mexico State Police.

r. Officer James Fetrow may testify on person about the Decedent's arrest, Decedent's demeanor and behavior and other matters set forth in the March 3, 2011, Arrest and Incident Report, Case No.030111-12.

s. Corporal Aurora Granillo may testify on person about the Decedent's arrest, Decedent's demeanor and behavior and other matters set forth in the March 3, 2011, Arrest and Incident Report, Case No. 030111-12.

t. Any record custodians whose testimony becomes necessary to establish the authenticity of Decedent's medical records and bills .

u. Representative of Paul Baca Court Reporters to establish the accuracy of the transcripts of the witness interviews conducted by New Mexico State Police.

v. Any witnesses identified by the Defendants.

w.   Any rebuttal witnesses whose identities cannot reasonably be ascertained at this time.

**B.   Defendants' witnesses:**

1.   Defendants' will call or have available at trial the following witnesses:

a.   Gary M. Vilke, M.D., FACEP, FAAEM, Dr. Vilke's written report containing a statement of his opinions and the basis and reasons thereof were provided to counsel for the Plaintiff.

b.   John (Jack) Ryan, Mr. Ryan's written report containing a statement of his opinions and the basis and reasons thereof were provided to counsel for the Plaintiff.

c.   Charles Kretek, Mr. Kretek will testify about the Plaintiff's claims and his conduct in this matter.

d.   All named Defendants who have been served with the Plaintiff's   Complaint. These witnesses will testify regarding their conduct and defenses.

e.   All witnesses listed by Plaintiff; these witnesses will testify regarding the matters set forth herein and if they are unavailable for trial, they may testify by deposition.

f.   Such records custodians as may be necessary;

g.   Any witness offered, listed, identified or disclosed by any other party in any manner;

h.   Any witness necessary for foundation, impeachment or rebuttal;

i . Any expert witness subsequently retained and identified by the Defendants;

j.   The Defendants reserve the right to supplement this witness list as additional witnesses are identified.

21

2.   Defendants may call the following witnesses:

a.  David Aparicio, Mr. Aparicio may testify about Christopher Aparicio's behavior while he lived in Idaho and the Defendants' defenses.

b.   Mary Christina Aparicio, Mrs. Aparicio may testify about Christopher Aparicio's behavior while he lived in Idaho and the Defendants' defenses.

c.  Officer James Fetrow, Officer Fetrow may testify regarding information contained in his Offense/Incident report dated 3/3/2011, Arrest Report Case No. 030311-12, and other relevant matters.

d.  Cpl. Aurora Granillo, Deming Police Department, 700 E. Pine Street, Deming, New Mexico, Cpl. Aurora Granillo may testify regarding information contained in her Offense/Incident report dated 3/3/2011, Arrest Report Case No. 030111-12, and other relevant matters.

e.   Humberto Cruz
Jackie De La Garza
Michael Villines
Consuelo Sanchez Paul

State of New Mexico Corrections Department, Adult Probation and Parole Division, These witnesses may testify regarding their contact with Christopher Aparicio, and other relevant matters regarding his criminal history.

f.   Rosario Sanchez, Border Area Mental Health Services, she Rosario Sanchez may testify regarding Christopher Aparicio's mental health, drug history and abuse, her contact with him, and other relevant matters.

g.   Lt. Richard Beougher, Gang Unit Deming Police Department, Lt.

Beougher, Gang Unit, may testify regarding his contact with Christopher Aparicio, and other relevant matters regarding his possible gang affiliation.

h.     John Sutherland, Mr. Sutherland may testify about the Defendants defenses and other relevant matters.

i.     Kevin Hensley, EMT Elite Medical Transport/Deming Fire Department, 1500 8th St., P.O. Box 1219, Deming, NM 88031 who will testify regarding the condition of Decedent at the time he arrived at the Luna County Detention Center.

j.     Heather Sosa,  EMT Elite Medical Transport/Deming Fire Department, 1500 8th St., P.O. Box 1219, Deming, NM 88031 who will testify regarding the condition of Decedent at the time she arrived at the Luna County Detention Center.

k.     Chris Holguin, EMT Elite Medical Transport/Deming Fire Department, 1500 8th St., P.O. Box 1219, Deming, NM 88031 who will testify regarding the condition of Decedent at the time he arrived at the Luna County Detention Center.

l.     Dr. Hassan Adnan may testify about his treatment and examination of Christopher Aparicio, and other relevant matters.

m.     Vanessa Mediano may testify regarding Christopher Aparicio's relationship and support of her child and other relevant matters.

n.     Sonja Bernal may testify regarding Christopher Aparicio's relationship and support of her child and other relevant matters.

o.     Ana Quintana may testify about Christopher Aparicio's behavior and other relevant matters.

# X. TRIAL PREPARATION

A. Exhibits.

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file an original plus three (3) copies of the parties' " consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than twenty-one (21) calendar days (February 11, 2014) before trial.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than fourteen (14) calendar days (February 18, 2014) before trial.  An original plus three (3) copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph.  In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial.  Plaintiff's exhibits must be marked numerically; Defendants' exhibits must be marked alphabetically and identify the party offering the exhibit.  The identification number or letter will remain the same whether the exhibit is admitted or not.

B. Witness lists.

An original and three (3) copies of a party's witness list must be filed with the clerk and served on all parties no later than twenty-one (21) calendar days (February 11, 2014) before trial. Indicate whether the witness is testifying by deposition or in person.  Objections to use of deposition testimony are due within fourteen (14) calendar days (February 18, 2014) of service of

the witness list.   The objecting party must highlight those portions of the requested deposition testimony to which the party objects.   Plaintiff must use a yellow highlighter and defendant must use a blue highlighter.   The parties must confer about any disputes and, if unable to resolve any differences, must notify the court in writing at least fourteen calendar days (February 18, 2014) before trial.

C.   Voir dire.

    1.   If allowed, do the parties wish to participate in *voir dire*?

        Plaintiff     _x_ yes  ____  no

        Defendants     _x_ yes  ____  no

    2.   Each party wishing to participate in *voir dire* must serve on all parties and file with the clerk, a pleading entitled "proposed voir dire questions."   The pleading must identify the specific areas about which the party wishes to inquire and must set forth proposed *voir dire* questions.   This request must be filed at least fourteen (14) calendar days (February 18, 2014) prior to jury selection.

D.   Jury instructions and verdict.

    1.   In general.   The parties must confer about proposed jury instructions.   The court will prepare and provide the parties with a court-proposed set of general "stock" instructions that will be given.   The stock instructions are available from the clerk.   The instructions that the parties must submit to the court will be those which set forth the elements and definitions of the claims or charges, and the elements and any definitions of any defenses.

    2.   Sources for instructions.   The parties should refer to United States District Court Judge James Parker's website for general stock instructions.

3.   Submission of proposed instructions.   The parties must submit one mutually approved set of jury instructions no later than fourteen (14) calendar days (February 18, 2014) before trial.   The parties must specify the date in which they met and conferred on the jury instructions.   For those instructions the parties were unable to agree upon, each party must submit its own proposed instructions at the same time as submission of the mutually agreed instructions.

4.   Form of instructions.

a.   Submit sets of double-spaced instructions as follows:

___ set(s) of originals without citations and headed "instruction no.___"; and

___ set(s) with citations and numbered accordingly, one of which will be filed.

b.   If requested, also submit all instructions in a format compatible with word perfect.   Please refer to the procedures, available on our website, for electronically submitting proposed text.

c.   Submit no more than one instruction to a page.

d.   All deviations from pattern instructions must be identified as "modified" in the citation and the modification must be highlighted in the body of the instruction.

e.   Submit a cover sheet on all sets of instructions.

5.   Deadlines for submitting instructions.

a.   Instructions shall be filed fourteen (14) calendar days (February 18, 2014) before trial.

b.   Supplemental unanticipated jury instructions may be submitted at trial.

26

E.   Statement of case.

The parties must confer and submit an agreed statement of the case to the court that will be read to the jury panel during jury selection.   The statement must be submitted to the court five (5) days (February 27, 2014) before jury selection.

## XI.   OTHER MATTERS

A.   Settlement possibilities.

1.   The possibility of settlement in this case is considered:

__x__   poor   _____   fair   _____   good   _____   excellent   _____   unknown

2.   Do the parties have a settlement conference set with the assigned magistrate judge?

_____   yes   ___X___   no   if yes, when?  N/a

if a settlement conference has already been held, indicate approximate date.

Tuesday,   October   23,   2012   and   recently   with   the   Tenth   Circuit.

Would a follow-up settlement conference be beneficial?

__X____ yes   ___   no

3.   Does either party wish to explore any alternatives for dispute resolution such as mediation   or   a   summary   jury   trial?   If   yes,   please   identify.

_____   if no, explain why not.   Plaintiff believes the exploration of alternative dispute resolution would be futile based on the differences between the Plaintiff and Defendants' assessment of the merits of this case and the Plaintiff's damages.

B.   Length of trial and trial setting.

    1.   This action is a   _____   bench trial   ___x___   jury trial _____   both

    2.   The case is set for trial on March 3, 2014.

    3.   The estimated length of trial is five days.

## XII.   EXCEPTIONS

The Defendants take exception to   Plaintiff bringing this litigation without the express consent and approval of the Decedent's beneficiaries.

The Plaintiff takes exception to any testimony from any witness not previously disclosed by the Defendants and from witnesses disclosed by the Defendants in this Pretrial Order whose anticipated testimony is not described, and whose deposition testimony is not identified by page and line.

## XIII.   MODIFICATIONS-INTERPRETATION

    The pretrial order when entered will control the course of trial and may only be amended *sua sponte* by the court or by consent of the parties and court approval.   The pleadings will be deemed merged herein.

    The foregoing proposed pretrial order (prior to execution by the court) is hereby approved this _____ day of December, 2013.

                                  Respectfully submitted,

                                 ___*/s/ Duff Westbrook*_____
                                 Duff westbrook
                                 Sanders & Westbrook
                                 102 Granite Ave. NW
                                 Albuquerque, NM   87102
                                 (505) 243-2243
                                 d.sanderswestbrook@qwestoffice.net

28

and
Nathan Gonzales
Gonzales Law Firm
925 North Hudson Street
Silver City, NM 88061
(575)388-8015
nathan@gonzaleslaw.us

*Counsel for Plaintiff*


LAW OFFICE OF JONLYN M. MARTINEZ, LLC

*Approved and submitted electronically*
JONLYN MARTINEZ
P.O. Box 1805
Albuquerque, NM 87103-1805
(505) 247-9488
jonlyn@jmartinezlaw.net

*Counsel for Defendants*

Dated: 12/13/2013

_____
THE HONORABLE KENNETH J. GONZALES
United States District Judge