IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

v.                                                                                  Civ. 11-676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion in Limine to Limit or Exclude Evidence Related to Law Enforcement Procedures and Training and to Bifurcate Trial (Motion to Limit and to Bifurcate), filed February 4, 2014. (Doc. 253). Plaintiff filed a response on February 10, 2014. (Doc. 275). On February 20, 2014, the Court held a hearing on the Motion to Limit and to Bifurcate. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered the Motion to Limit and to Bifurcate, Plaintiff's response, and the argument of counsel at the February 20, 2014, hearing, the Court concludes that the Motion to Limit and to Bifurcate is granted in part.

As a preliminary matter, the Court notes that Defendants filed their Motion to Limit and Bifurcate less than four weeks before trial. In view of the fact this case has been pending approximately three years, the Court also notes that the request to approve a two-phase trial more appropriately should have been raised at a stage earlier than in a motion in limine on the eve of

trial.  *See, e.g., Diorio v. County of Kern*, 2013 WL 2458377 * 2 (E.D.Cal.) (court found motion to bifurcate untimely when filed prior to the start of trial).  The timing of Defendants' request strains judicial economy and unnecessarily creates uncertainty for the parties just days before jury selection in how the trial ultimately will proceed.  And while the Court reproves Defendants, the principal basis for denying the request to bifurcate follows.

Defendants seek to bifurcate the trial under Fed. R. Civ. P. 42(b) in order to have the constitutional force and battery claims tried first.  *See* (Doc. 133) (Count II:  42 U.S.C. § 1983 Fourteenth Amendment excessive force claim, Count III:  Section 1983 Fourteenth Amendment deliberate indifference to serious medical needs, Count IV:  Section 1983 Fourteenth Amendment substantive due process claim, and Count V:  New Mexico Tort Claims Act (NMTCA) battery claim).  Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Defendants also move to exclude evidence of police standard operating procedures (SOPs) and training evidence during a constitutional force and battery claims trial.  Defendants concede that the SOPs and training evidence would be admissible in a trial on the state negligence and the constitutional failure to train and supervise claims.  *See* (Doc. 133) (Count I:  NMTCA negligence and wrongful death claim, and Count VI:  Section 1983 failure to train and supervise claim).

Defendants argue that it is well-established that SOPs and training evidence are not relevant to constitutional excessive force claims and are prejudicial.  Defendants further argue that SOPs and training evidence are inadmissible under Fed. R. Evid. 403 with respect to the constitutional force claims because the SOPs and training evidence would mislead the jury and detract the jury from the excessive force standard (was force objectively reasonable under the

2

totality of the circumstances). Defendants also contend that allowing SOPs and training evidence in an excessive force case may create a disincentive for police departments to adopt progressive standards.

Defendants argue that bifurcation would simplify the issues and avoid juror confusion, especially with regard to the use of SOPs and training evidence. Defendants contend that there would not be any duplication of evidence, no risk of inconsistent verdicts, no prejudice to Plaintiff, and that bifurcation would efficiently use judicial resources and result in a faster resolution of proceedings.

All of these arguments, however, are based on Fourth Amendment excessive force cases which have an objectively reasonable standard. This case, however, is based on a Fourteenth Amendment excessive force claim which depends on a different standard. *See Roska v. Peterson,* 328 F.3d 1230, 1243 (10th Cir.2003) ("(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor."). In the context of a Fourteenth Amendment claim, SOPs and training evidence and any violation of an SOP or training policy would be relevant to the issue of motive. Specifically, the SOPs and training evidence and any violation of the SOPs or training policies are relevant to whether the officers were aware of the risk of harm they imposed on Mr. Aparicio by having him in a prone position, and, if the officers were aware of a risk of harm, whether the officers, nonetheless, did not avoid that risk of harm.

The Court is cognizant that a jury could also believe that a violation of SOPs and training policies establishes a violation of constitutional rights. To avoid this incorrect finding, Plaintiff suggests giving an appropriate limiting jury instruction. *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible … for a purpose—but not … for another purpose—the court,

on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). The Court agrees that a limiting jury instruction will sufficiently cure any possibility of prejudice or jury confusion. Such a limiting jury instruction must state that SOPs and training evidence and any violation of SOPs or training policies are limited to showing whether the officers were aware of the risk of harm they imposed on Mr. Aparicio by having him in a prone position, and, if the officers were aware of a risk of harm, whether the officers did not avoid that risk of harm. The limiting jury instruction must also state that SOPs and training evidence and any violation of SOPs or training policies cannot be used to show whether the amount of force used was disproportionate to the need presented or to show that the officers violated Mr. Aparicio's constitutional rights.

      Plaintiff also correctly argues that bifurcating the trial is very likely to result in duplication of evidence (much of the evidence and witnesses are common to all claims) and that a finding of liability on one constitutional force claim or the battery claim would be enough to need a trial on the other non-force claims. The Court, therefore, finds that the purposes for bifurcating a trial under Rule 42(b), i.e., "convenience, to avoid prejudice, or to expedite and economize," are not met in this case. In sum, the Court denies the Motion to Limit and to Bifurcate, but will give an appropriate limiting instruction. Moreover, the Court will require the parties to submit a verdict form reflecting a non-bifurcated trial.

      IT IS ORDERED that Defendants' Motion in Limine to Limit or Exclude Evidence Related to Law Enforcement Procedures and Training and to Bifurcate Trial (Doc. 253) is granted in part in that

1. Defendants' request to bifurcate the trial is denied;

2. on or before February 27, 2014, the parties must meet and confer about drafting a joint limiting jury instruction as described in this Memorandum Opinion and Order;

3. on or before February 27, 2014, the parties must file and email to chambers a joint limiting jury instruction, or file and email to chambers their respective disputed versions of the limiting jury instruction;

4. on or before February 27, 2014, the parties must meet and confer about drafting a joint verdict form reflecting a non-bifurcated trial; and

5. on or before February 27, 2014, the parties must file and email to chambers a joint verdict form reflecting a non-bifurcated trial, or file and email to chambers their respective disputed versions of the verdict form.

_____
UNITED STATES DISTRICT JUDGE