IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

vs.                                                               No. CIV 11-0676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion in Limine [Regarding] Witness Austin Barshaw's Criminal History, filed February 5, 2014. (Doc. 256). On February 10, 2014, Defendants filed a response. (Doc. 265). On February 20, 2014, the Court held a hearing on Plaintiff's Motion in Limine. Present at the hearing was Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered Plaintiff's Motion in Limine, Defendants' response, and the argument of counsel at the February 20, 2014, hearing, the Court grants Plaintiff's Motion in Limine for the following reasons.

*I. Background*

    *A. Relevant facts*

Austin Barshaw was being held at the Luna County Detention Center (LCDC) during the incident between Christopher Aparicio and LCDC detention officers on March 3, 2011. Mr.

Barshaw claims to have witnessed the off-camera events that are at issue in this case through the food port on his cell's door. *See* (Doc. 227-1).

In 2009, Mr. Barshaw was convicted of aggravated assault with a deadly weapon, a fourth degree felony. *See* (Doc. 256) at 1; (Doc. 265) at 1. In 2011, Mr. Barshaw was convicted of the following felony crimes related to the December 12, 2010, murder of Timothy Bennish: residential burglary, larceny (two counts), contributing to the delinquency of a minor, bribery of a witness and second degree murder. *Id.*

On August 15, 2012, Plaintiff deposed Mr. Barshaw, and on August 6, 2013, Defendants deposed Mr. Barshaw. (Doc. 265-1). Counsel plan on introducing video recorded testimony of Mr. Barshaw's depositions at trial. During the depositions, Mr. Barshaw testified to the following information related to his felony convictions and his mental health:

1. Mr. Barshaw stated that he murdered Mr. Bennish shortly after they first met because Mr. Bennish resembled Mr. Barshaw's abusive father. *Id.* at 2 (depo. at 40-41). Mr. Barshaw describes that he had an "out-of-body experience" when he committed the murder. *Id.* at 5 (depo. pg. 40). Mr. Barshaw further testified that he was using marijuana on a daily basis when he committed the murder. *Id.* (depo. pg. 43).

2. In December 2010, Mr. Barshaw was arrested in connection with the Mr. Bennish's murder and was being held at LCDC. *Id.* (depo. at 38). Mr. Barshaw testified that he was suicidal and attempted to commit suicidal by trying to break his own neck that same month. *Id.* (depo. at 42-43).

3. While incarcerated at LCDC, a doctor evaluated Mr. Barshaw's competency to stand trial and the trial court in the criminal proceedings sealed the doctor's evaluation. *Id.* at 5 (depo. at 39-40). Mr. Barshaw testified that the doctor concluded that he was "messed up in the head"

and should be admitted to the state mental hospital. Mr. Barshaw stated that he, nonetheless, decided to plead guilty to avoid being admitted to a mental hospital. *Id.* (depo. at 40-41). It is not apparent, however, from his deposition testimony when the doctor examined Mr. Barshaw or exactly what the doctor's diagnosis was.

At the February 20, 2014, hearing, counsel agreed that Mr. Barshaw was prescribed Ativan while at LCDC before witnessing the March 3, 2011, incident between Mr. Aparicio and LCDC detention officers.

*B. Plaintiff's Motion in Limine and Defendants' response*

Plaintiff requests an order limiting Defendants inquiry into Mr. Barshaw's criminal convictions to the name of the offense, the date of conviction, and the sentence imposed. Defendants respond that, based on Mr. Barshaw's testimony relating to his mental health, Defendants "need the latitude to be able to examine this witness regarding the conditions which bear on his credibility and ability to accurately perceive events, regardless of whether these matters relate to prior criminal convictions, or are contained in documents related thereto." (Doc. 265) at 4.

*II. Discussion*

A party may attack a witness' capacity by "showing that his or her capacity to observe, remember, or narrate is impaired. Consequently, the witness' capacity at the time of the event, as well as at the time of trial, is significant." *United States v. Robinson*, 583 F.3d 1265, 1272 (10th Cir. 2009) (citation omitted). Moreover, "[i]f the witness was under the influence of drugs or alcohol at the time he testifies, this condition is provable, on cross or by extrinsic evidence, to impeach." *Id.* Evidence about a prior condition of mental instability is relevant only if it provides "some significant help to the jury in its efforts to evaluate the witness's ability to perceive or to

recall events or to testify accurately." *United States v. Moore*, 923 F.2d 910, 913 (1st Cir. 1991) (citing *United States v. Diecidue*, 603 F.2d 535, 551 (5th Cir.1979), *cert. denied*, 445 U.S. 946 (1980); *see also United States v. Robinson*, 583 F.3d 1265, 1274-75 (10th Cir. 2009).

Mr. Barshaw's purported "out-of-body" experience when he murdered Mr. Bennish occurred on December 12, 2010, over two and a half months prior to Mr. Barshaw witnessing the March 3, 2011, events at LCDC and nine months before his first deposition. Mr. Barshaw was regularly using marijuana at the time of the "out-of-body" experience. Moreover, Mr. Barshaw's alleged suicide attempt at LCDC occurred over two months prior to March 3, 2011. Sometime between the "out-of-body" experience and March 3, 2011, Mr. Aparicio began taking Ativan. Further, Mr. Barshaw was incarcerated for over two months before March 3, 2011, and he presumably was not under the influence of marijuana during that time. Defendants provide no date regarding the doctor's evaluation of Mr. Barshaw's competency to stand trial or the doctor's diagnosis.

Consequently, Defendants have presented no evidence that Mr. Barshaw suffered from mental instability more recently than two months before March 3, 2011. The evidence shows that potential factors influencing Mr. Barshaw's mental health, *i.e.*, ending his use of marijuana and taking Ativan, likely would have improved his ability to perceive the March 3, 2011, incident between Mr. Aparicio and the LCDC detention officers. Further, Mr. Barshaw's testimony regarding the incident between Mr. Aparicio and LCDC detention officers is corroborated by another witness who was incarcerated at LCDC, Eric Tindall. *See* (Docs. 166-18; 227-4). Therefore, evidence of Mr. Barshaw's "out-of-body" experience and suicide attempt at LCDC will not provide significant help to the jury in its efforts to evaluate Mr. Barshaw's ability to perceive or to recall the events he witnessed at LCDC or to testify accurately at the depositions.

Defendants will, therefore, be excluded from inquiring into these topics. *See Moore*, 923 F.2d 913 (First Circuit Court of Appeals found no abuse of court's "broad discretionary powers" when court omitted evidence of witness's "consultation with a therapist, ten years earlier, related to a child's death, by a witness whose key testimony is fully corroborated by other witnesses and documentary evidence"), *cf. Robinson*, 583 F.3d 1272 (Tenth Circuit Court of Appeals allowed evidence of drug use and mental health when witness was: (1) heavily using drugs at time he perceived events to which he testified about; (2) involuntarily committed to mental hospital six days before testifying; (3) "suffering from auditory hallucinations, seeing 'things out through the window that are not really there,' and possibly experiencing psychosis;" and (4) only witness who perceived events he testified about.). Finally, there is insufficient evidence to determine whether the doctor's evaluation of Mr. Barshaw's competency to stand trial would significantly help the jury. The potential prejudicial effect of the doctor's sealed evaluation outweighs its uncertain probative value, and, likewise, will be excluded. *See* Fed. R. Evid. 403. Hence, Defendants inquiry into Mr. Barshaw's felony criminal convictions is limited to the name of the offense, the date of conviction, and the sentence imposed. *See United States v. Howell*, 285 F.3d 1263, 1267 (10th Cir. 2002) (cross-examination of a witness's felony criminal record "should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment").

IT IS ORDERED that

1. Plaintiff's Motion in Limine [Regarding] Witness Austin Barshaw's Criminal History (Doc. 256) is granted; and

2. Defendants' inquiry into Mr. Barshaw's felony criminal convictions is limited to the name of the offense, the date of conviction, and the sentence imposed.

_____
UNITED STATES DISTRICT JUDGE