IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

v.                                                                       Civ. 11-676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike the Expert Report of Mr. William Patterson and Memorandum in Support Thereof (Motion to Strike), filed February 4, 2014. (Doc. 247). Plaintiff filed a response on February 10, 2014. (Doc. 273). On February 20, 2014, the Court held a hearing on the Motion to Strike. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered the Motion to Strike, Plaintiff's response, and the argument of counsel at the February 20, 2014, hearing, the Court concludes that the Motion to Strike is granted in part.

Mr. Patterson holds a bachelor of arts degree in economics which he received in 1979. He has been qualified as an expert in economics in state and federal courts in New Mexico and Texas. Mr. Patterson will testify to:

    1. the present value of loss of earning capacity based on earning minimum wage and the average earnings of a male high school graduate, and based on different retirement ages;

    2. the present value of $100,000 per year for hedonic damages totaling $4,290,898; and

    3. the present value of one hour per day for lost household services totaling $78, 984.

(Doc. 247-1) at 1-2. Mr. Patterson attached numerous charts and tables to his report to support his lost earning capacity values. Mr. Patterson, however, does not explain how he used these charts and tables to calculate those values. To determine hedonic damages, Mr. Patterson applied a benchmark value of $10,000 to $100,000 per year for hedonic damages and chose, without explanation, to use the upper end of the benchmark. Defendants move to strike the entirety of Mr. Patterson's report as well as any testimony he may offer.

    Fed. R. Evid. 702 states that

    A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.

In this case, Mr. Patterson is qualified as an expert in economic matters. Mr. Patterson's testimony on Mr. Aparicio's lost earning capacity is relevant to the issue of damages and would be helpful to the jury. However, Mr. Patterson's report does not explain the calculations he used to obtain the lost earning capacity values nor does the report clearly explain the source of any numerical factors he might have used. Consequently, the Court will allow Mr. Patterson to testify about Mr. Aparicio's lost earning capacity only if Mr. Patterson can adequately explain his calculations and his source of numerical factors.

    With respect to any testimony on hedonic damages, the majority rule in federal court is that placing a dollar amount, including the use of so-called benchmarks, on hedonic damages

does not meet the relevance and reliability factors required to admit expert testimony.  *BNSF Railway Co. v. La Farge Sw., Inc.*, 2009 WL 4279849 *2 (D.N.M.).  In fact, this District Court has excluded Mr. Patterson's hedonic damages calculations in the past.  *See Martinez v. Caterpillar, Inc.*, 2007 WL 5377515 (D.N.M.).  Hence, the Court will exclude any testimony based on benchmarks.

An economics expert, however, can give "generalized testimony about the *concept* of hedonic damages."  *BNSF Railway Co.*, 2009 WL 4279849 at *1.  Moreover, Mr. Patterson can reliably testify how to generally calculate hedonic damages.  That testimony would consist of telling the jury that they must (1) determine an annualized value for Mr. Aparicio's loss of pleasure of life, (2) multiply that annualized value by the number of years Mr. Aparicio is expected to live, and (3) discount that result to present value by using an appropriate factor.  Mr. Patterson's knowledge of what hedonic damages are and how to generally calculate hedonic damages will help the jury determine hedonic damages.

Plaintiff also requests that if Mr. Patterson cannot use benchmarks in explaining hedonic damages, he should be allowed to testify as to the value of a statistical life.  The district has, likewise, rejected such testimony as not relevant or reliable.  *See Chavez v. Marten Transportation, Ltd.*, 2012 WL 988008 *2 (D.N.M.) (citing *Cruz v. Bridgestone/Firestone North Am. Tire, LLC*, 2008 WL 5598439 *4 (D.N.M. 2008)).  The Court will, therefore, not permit Mr. Patterson to testify about the value of a statistical life.

IT IS ORDERED that Defendants' Motion to Strike the Expert Report of Mr. William Patterson and Memorandum in Support Thereof (Doc. 247) is granted in part in that

1. Mr. Patterson can testify about Mr. Aparicio's lost earning capacity only if Mr. Patterson can adequately explain his calculations and his source of numerical factors;

2. Mr. Patterson cannot testify about a specific money amount for hedonic damages;

3. Mr. Patterson cannot use benchmarks in discussing hedonic damages;

4. Mr. Patterson can testify about the concept of hedonic damages;

5. Mr. Patterson can testify about how to generally calculate hedonic damages without suggesting any kind of monetary value for hedonic damages; and

6. Mr. Patterson cannot testify as to the value of a statistical life.

_____
UNITED STATES DISTRICT JUDGE