IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

v.                                                          Civ. 11-676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike the Expert Report [of] Richard G. Kiekbusch, Ph.D and Memorandum in Support Thereof (Motion to Strike), filed February 4, 2014. (Doc. 246). Plaintiff filed a response on February 10, 2014. (Doc. 269). On February 20, 2014, the Court held a hearing on the Motion to Strike. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered the Motion to Strike, Plaintiff's response, and the argument of counsel at the February 20, 2014, hearing, the Court concludes that the Motion to Strike is granted in part.

Dr. Kiekbusch is a sociologist and associate professor of criminology at the University of Texas-Permian Basin. He has 20 years of experience in correctional administration including 13 years in jail management. Dr. Kiekbusch opines that Defendants "mishandled their intake processing and physical restraint" of Mr. Aparicio by

> A.  disregarding their awareness of the fact that Aparicio was under the influence of methamphetamine;
> B.  applying excessive force during their restraint of Aparicio in the booking area;
> C.  demonstrating deliberate indifference to Aparicio's medical needs during the restraint incident; and
> D.  failing to provide proper supervision of Aparicio's intake processing and restraint.

(Doc. 246-1) at 5.  Defendants take issue with Dr. Kiekbusch's reasons for his opinions and move to strike the entirety of his report as well as any testimony Dr. Kiekbusch may offer.

> Fed. R. Evid. 702 states that
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)  the testimony is based on sufficient facts or data;
> (c)  the testimony is the product of reliable principles and methods; and
> (d)  the expert has reliably applied the principles and methods to the facts of the case.

Dr. Kiekbusch is qualified as an expert on jail administration.  As an expert in jail administration, Dr. Kiekbusch can testify reliably on what the national jail standards are regarding the management of jails, the supervision of detention officers, and the training of detention officers.  This testimony will be helpful to the jury in determining the failure to train and supervise claims against Defendants Board of Luna County Commissioners and John Krehbiel, and the failure to supervise claim against Defendant Yolanda Edwards.  Dr. Kiekbusch, however, cannot opine on whether any of those Defendants violated national jail standards.  Moreover, Dr. Kiekbusch is not qualified as a medical expert and, therefore, cannot testify regarding the adequacy of the medical care Mr. Aparicio received.

IT IS ORDERED that Defendants' Motion to Strike the Expert Report [of] Richard G. Kiekbusch, Ph.D and Memorandum in Support Thereof  (Doc. 246) is granted in part in that

1. Dr. Kiekbusch is allowed to testify on what the national jail standards are regarding the management of jails, the supervision of detention officers, and the training of detention officers;

2. Dr. Kiekbusch cannot testify on whether Defendants Board of Luna County Commissioners, Krehbiel, and Edwards violated any national jail standards; and

3. Dr. Kiekbusch cannot testify regarding the adequacy of the medical care Mr. Aparicio received.

_____
UNITED STATES DISTRICT JUDGE