IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

v.                                                        Civ. 11-676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion in Limine to Bar Evidence of Mr. Aparicio's Damages Which are Wholly Speculative and Memorandum in Support Thereof (Motion to Bar Evidence), filed February 4, 2014. (Doc. 249). Plaintiff filed a response on February 10, 2014. (Doc. 271). On February 20, 2014, the Court held a hearing on the Motion to Bar Evidence. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered the Motion to Bar Evidence, Plaintiff's response, and the argument of counsel at the February 20, 2014, hearing, the Court concludes that the Motion to Bar Evidence is granted in part.

Defendants seek to exclude any evidence, including lay testimony, "as to what, if any economic damages resulted from Mr. Aparicio's death, and what, if any, medical conditions Mr. Aparicio suffered from, how his death may have been connected to any actions of Defendants herein, and any damages whatsoever related to the period of time that he was in a coma prior to his death, given that whether or not he was able to experience pain and suffering under such

conditions is wholly speculative (and one on which Plaintiff's experts did not even seek to opine)." (Doc. 249) at 3.

Defendants contend first that any economic damages are speculative considering that Mr. Aparicio only had a General Education Development certificate; he was employed erratically in unskilled positions; he did not have a driver's license; his last employer was his father in Idaho; his father fired him due to drug and criminal activity; he did not support his children; he was unemployed five months prior to his death; and he was not seeking employment. These employment- related factors, however, are relevant to a jury's determination of damages. Although these factors may tend to reduce the amount of an award, they do not make the damages themselves "speculative." In fact, Defendants are free to cross-examine Plaintiff's economics expert on the effect of these employment-related factors on lost earning capacity.

Defendants also argued at the hearing that Plaintiff inappropriately seeks in a jury instruction damages for the emotional distress to Mr. Aparicio's parents and for "[t]he loss of guidance and counseling to the deceased's minor children…." *See* (Doc. 271) at 2. Defendants contend that the parents are not part of the estate, so the estate is not entitled to damages for their emotional distress. In fact, Plaintiff admits that the two minor children are the sole beneficiaries of the estate. *See id*. at n.1. Since the parents are not beneficiaries of the estate, Plaintiff cannot recover for their emotional distress. Hence, the Court will not admit evidence on this claim for damages.

Defendants further argued at the hearing that the two minor children have not been damaged by Mr. Aparicio's death in a couple of ways. First, Defendants maintain that there is no evidence that Mr. Aparicio, in his lifetime, ever provided guidance and counseling to his children. Second, Defendants maintain that the children are financially better off after Mr.

Aparicio died. Plaintiff did not respond to these concerns. The Court determines, nonetheless, that it is for the jury to decide, based on the facts presented to them, the extent, if any, of the loss of guidance and counseling to the children. In addition, the children's financial welfare is not relevant to a loss of guidance and counseling. The claim for damages based on the children's loss of guidance and counseling is, therefore, not speculative. Consequently, the Court will not exclude evidence on this claim of damages.

Next, Defendants argue that any claim of damages based on Mr. Aparicio allegedly experiencing pain and suffering while he was in a coma is speculative. Here, it is undisputed that Mr. Aparicio's treating physician, Dr. Melissa Gomez, could not say to a reasonable degree of medical certainty whether Mr. Aparicio experienced pain while he was in a coma. Defendants assert that only a medical expert, not a treating physician, can testify to whether Mr. Aparicio suffered from pain while he was in a coma. Moreover, Defendants argue that lay testimony, presumably from Dr. Gomez, about any pain and suffering Mr. Aparicio may have endured during the coma is improper and inadmissible because damages for pain and suffering while in a coma are simply not recoverable. *See Barnes v. Robison*, 712 F.Supp. 873, 875 (D. Kan. 1989) (applying Kansas law, court held that "[a]s one must be conscious to realize pain and suffering, *see, e.g., Nichols v. Marshall,* 486 F.2d 791, 792 (10th Cir.1973), it is logical to conclude that one must also be conscious to sustain the pecuniary and nonpecuniary losses plaintiffs are claiming."). Finally, Defendants assert that any probative value of lay testimony on pain and suffering is substantially outweighed by the probability of jury confusion and would be unfairly prejudicial.

In *Barnes,* there was no evidence that the unconscious person suffered pain. However, in *Nichols*, the case the court in *Barnes* relied on, the medical testimony was uncertain about the

person's condition at the hospital.  Consequently, the court allowed lay testimony regarding how the person appeared so that the jury could determine whether the person could feel pain and suffering and whether the estate could, therefore, be compensated for the pain and suffering.

Since Dr. Gomez could not say to a reasonable degree of medical certainty that Mr. Aparicio suffered pain while in a coma, lay testimony concerning Mr. Aparicio's appearance while in a coma is probative of whether Plaintiff is entitled to pain and suffering damages for the time Mr. Aparicio was a coma.  Such testimony would not cause jury confusion or be unfairly prejudicial.  In fact, Plaintiff indicates that Dr. Gomez can testify that there was evidence concerning Mr. Aparicio's physical condition that could be relevant to the pain and suffering issue:  there was some sign of brain activity, Mr. Aparicio opened his eyes after a week, his eyes rolled and his pupils became more reactive to light (signs of improvement), and Mr. Aparicio triggered the ventilator indicating that he may have been trying to breathe on his own.  (Doc. 271-1).  A jury should be allowed to evaluate this evidence to decide if Plaintiff is indeed entitled to pain and suffering damages.

IT IS ORDERED that Defendants' Motion in Limine to Bar Evidence of Mr. Aparicio's Damages Which are Wholly Speculative and Memorandum in Support Thereof  (Doc. 249) is granted in part in that

    1.  evidence regarding employment-related factors are admissible on the issue of damages;

    2.  evidence concerning the emotional distress Mr. Aparicio's parents suffered as a result of Mr. Aparicio's death is inadmissible;

    3.  evidence regarding the two minor children's loss of guidance and counseling is admissible on the issue of damages; and

4.  lay testimony concerning whether Mr. Aparicio suffered from pain while in a coma is admissible.

_____
UNITED STATES DISTRICT JUDGE