IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

      Plaintiff,

v.                                                                                Civ. 11-676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, et al.

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion in Limine to Bar Certain Hearsay Evidence in the Medical Records (Motion to Bar Medical Evidence), filed February 4, 2014. (Doc. 250).   Plaintiff filed a response on February 10, 2014.  (Doc. 268).  On February 20, 2014, the Court held a hearing on the Motion to Bar Medical Evidence.  Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants.  Having considered the Motion to Bar Medical Evidence, Plaintiff's response, and the argument of counsel at the February 20, 2014, hearing, the Court concludes that the Motion to Bar Medical Evidence is granted in part.

The parties agree to exclude or redact that portion of Dr. Melissa Gomez's deposition testimony in which she attempts to read and decipher Dr. Adnan Hasan's handwritten notes. However, Dr. Hasan's handwritten notes and references to those notes in the Mountain View Regional Medical Center medical records are admissible under the Fed. R. Evid. 803(4) hearsay exception for a medical diagnosis or treatment.  Consequently, the Court will admit both Dr.

Hasan's handwritten notes and the references to Dr. Hasan's handwritten notes in the Mountain View Regional Medical Center medical records for the limited purpose of medical diagnosis and treatment.

IT IS, THEREFORE, ORDERED that Defendants' Motion in Limine to Bar Certain Hearsay Evidence in the Medical Records (Doc. 250) is granted in part in that

1. Plaintiff must exclude or redact the portion of Dr. Gomez's deposition testimony in which she tries to read and/or interpret Dr. Hasan's handwritten notes;

2. Dr. Hasan's handwritten notes are admitted for the limited purpose of medical diagnosis and treatment; and

3. references to Dr. Hasan's handwritten notes in the Mountain View Regional Medical Center medical records are admitted for the limited purpose of medical diagnosis and treatment.

_____
UNITED STATES DISTRICT JUDGE