IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

vs.                                                    No. CIV 11-0676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Charles Kretek as Witness, filed February 5, 2014. (Doc. 257). On February 9, 2014, Defendants filed a response to Plaintiff's Motion in Limine. (Doc. 263). On February 20, 2014, the Court held a hearing on Plaintiff's Motion in Limine. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. At the February 20, 2014, hearing, the Court granted Plaintiff's Motion in Limine. On February 23, 2014, Defendants filed a Motion for Reconsideration Court's Oral Ruling Concerning the Exclusion of the Testimony of the Plaintiff, Charles Kretek from the Trial of this Matter. (Doc. 312). On February 24, 2014, Plaintiff filed a response to Defendants' Motion to Reconsider. (Doc. 316). Having considered Plaintiff's Motion in Limine, Defendants' response to the Motion in Limine, the argument of counsel at the February 20, 2014, hearing, Defendants' Motion to Reconsider, and Plaintiff's response to the Motion to Reconsider, the Court granted Plaintiff's Motion in Limine and denies Defendants' Motion to Reconsider.

Christopher Aparicio's mother, Ana Quintana, retained Mr. Gonzales to pursue this wrongful death action. *See* (Doc. 188) at 3. Charles Kretek, a friend and colleague of Mr. Gonzales and a licensed New Mexico attorney, agreed to serve as the personal representative of Mr. Aparicio's estate. *Id.* On June 18, 2012, Mr. Kretek signed a verification attesting that he truthfully prepared supplemental answers to Defendants' First Set of Interrogatories. *See* (Doc. 118-2) at 38. Defendants later deposed Mr. Kretek, and he stated that he relied on Plaintiff's counsel for the answers to Defendants' interrogatories and had no personal knowledge of the information. *See, e.g.,* (Doc. 118-1) at 4 (depo. at 15) (Mr. Kretek stated: "I don't know that [Mr. Aparicio's] a member of a gang and I'm again relying on counsel.").

Plaintiff seeks to exclude Mr. Kretek from testifying at trial because he lacks personal knowledge and the probative value of Mr. Kretek's testimony would be substantially outweighed by the confusion it would cause the jury. Defendants respond that, if Mr. Kretek cannot be called as a witness, "there is no way to challenge the assertions made under oath in the course of the discovery process. Thus, Plaintiff's Motion unfairly prejudices the Defendants and prevents them from challenging the Plaintiff's allegations, claims for damages and the information provided to Plaintiff's experts." (Doc. 263) at 3.

The Court granted Plaintiff's Motion in Limine at the February 20, 2014, hearing. The Court reasoned that Mr. Kretek's testimony is not relevant to any issue at trial. *See* Fed. R. Evid. 401 and 402 (evidence admissible at trial only if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action"). The Court additionally reasoned that, even if Mr. Kretek's testimony is relevant, the probative value of Mr. Kretek's testimony is low because of his lack of personal knowledge. Moreover, the Court determined that the probative value is substantially outweighed by the

danger of confusing the issues and misleading the jury. *See* Fed. R. Evid. 403 (Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of … confusing the issues, [or] misleading the jury"). For those reasons, the Court ruled to exclude Mr. Kretek from testifying at trial.

Regarding Defendants' Motion to Reconsider, the Federal Rules of Civil Procedure do not recognize a motion to reconsider. Therefore, the Court must construe a motion to reconsider in one of two ways. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). If the motion is filed within ten days of the district court's order, as it was in this case, it is treated as a Rule 59(e) motion to alter or amend the judgment. *See id.* A Rule 59(e) motion to alter or amend a judgment may be granted to correct manifest errors of law or if the district court is presented newly discovered evidence. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). The Court is not persuaded either that it committed any errors of law or that Defendants have presented to the Court newly discovered evidence which justifies a modification of the Court's Order. Therefore, Defendants' Motion to Reconsider is denied.

IT IS ORDERED that

1. Plaintiff's Motion in Limine to Exclude Charles Kretek as Witness (Doc. 257) is granted;

2. Defendants' Motion for Reconsideration Court's Oral Ruling Concerning the Exclusion of the Testimony of the Plaintiff, Charles Kretek from the Trial of this Matter. (Doc. 312) is denied; and

3. Mr. Kretek is excluded from testifying at trial.

_____
UNITED STATES DISTRICT JUDGE