IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

      Plaintiff,

vs.                                                                  No. CIV 11-0676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Defendant Luna County's Written Report of Internal Investigation, filed February 5, 2014. (Doc. 260). On February 10, 2014, Defendants filed a response. (Doc. 276). On February 20, 2014, the Court held a hearing on Plaintiff's Motion in Limine. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered Plaintiff's Motion in Limine, Defendants' response, and the argument of counsel at the February 20, 2014, hearing, the Court grants in part Plaintiff's Motion in Limine.

On March 7, 2011, four days after the incident between Christopher Aparicio and Luna County Detention Center (LCDC) detention officers, LCDC warden Defendant John Krehbiel assigned LCDC employee Andy Gilmore to conduct an internal investigation of the incident. *See* (Doc. 251-3). During the course of his internal investigation, Mr. Gilmore tape recorded his

interviews of every LCDC detention officer involved in the incident with Mr. Aparicio. *See* (Doc. 272-6). Defendants subsequently lost all copies of Mr. Gilmore's recorded interviews. Based on the recorded interviews, the written statements of those involved in the incident, and the LCDC booking area surveillance camera recording, Mr. Gilmore produced a six page internal investigation report. *See* (Doc. 272-6). At the end of the internal investigation report, Mr. Gilmore stated, "In conclusion I have found all officers involved not in violation of: Any applicable policies or procedures." *Id.* at 5. He further stated, "It is my recommendation no disciplinary sanctions be taken on any officer involved in this incident. Officers handled themselves in a professional manner and upheld the integrity and reputation of our facility." *Id.* at 6.

      Plaintiff seeks to exclude Mr. Gilmore's internal investigation report on the grounds that the report (1) is inadmissible hearsay, (2) is inadmissible under the best evidence rule, (3) if admitted, would invade the province of the jury, and (4) should be excluded under Fed. R. Evid. 403. At the February 20, 2014, hearing, Ms. Martinez argued that the internal investigation report should be allowed at trial to rebut any evidence presented by Plaintiff that Defendants spoliated Mr. Gilmore's recorded interviews of the LCDC employees. Ms. Martinez additionally agreed to redact Mr. Gilmore's conclusion and recommendation contained in the internal investigation report.

      The Court agrees with Defendants that Mr. Gilmore's internal investigation report is admissible for the limited purpose of rebutting Plaintiff's evidence of Defendants' spoliation of Mr. Gilmore's recorded interviews. Defendants must redact Mr. Gilmore's conclusion and recommendation mentioned above.

IT IS, THEREFORE, ORDERED Plaintiff's Motion in Limine to Exclude Defendant Luna County's Written Report of Internal Investigation (Doc. 260) is granted in part in that

1. Mr. Gilmore's internal investigation report is admissible for the limited purpose of rebutting Plaintiff's evidence of spoliation of Mr. Gilmore's recorded interviews; and

2. Defendants must redact Mr. Gilmore's conclusion and recommendation contained in the internal investigation report.

_____
UNITED STATES DISTRICT JUDGE