IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

vs.   No. CIV 11-0676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion in Limine to Limit Defendants' Inquiries into Plaintiff's Alleged Gang Affiliation, filed February 5, 2014. (Doc. 261). On February 9, 2014, Defendants filed a response. (Doc. 264). On February 20, 2014, the Court held a hearing on Plaintiff's Motion in Limine. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered Plaintiff's Motion in Limine, Defendants' response to the Motion in Limine, and the argument of counsel at the February 20, 2014, hearing, the Court granted Plaintiff's Motion in Limine at the February 20, 2014, hearing.

Plaintiff seeks to exclude three areas of evidence regarding Mr. Aparicio's alleged gang affiliation: (1) written statements by members of the Caldwell Police Department indicating Mr. Aparicio was affiliated with a gang; (2) five undated photographs of Mr. Aparicio making various hand signals; and (3) testimony regarding Mr. Aparicio's alleged gang affiliation by

David Aparicio, Mary Aparicio, Vanessa Mediano, Sonya Bernall, Kathy Villa, and Ana Quintana. *See* (Docs. 261-1, 261-2, 261-3, 261-4, 261-5, 261-6, 261-7, 261-8, 261-9). Plaintiff generally argues that evidence of Mr. Aparicio's alleged gang affiliation should be excluded under Fed. R. Evid. 403 because it has limited probative value which is substantially outweighed by its prejudicial effect. Defendants respond that evidence of Mr. Aparicio's alleged gang affiliation is relevant to assessing damages and should be admissible for that purpose.

The Court granted Plaintiff's Motion in Limine at the February 20, 2014, hearing. The Court agreed with Plaintiff that evidence of Mr. Aparicio's alleged gang affiliation has limited probative value, largely because it is unknown whether Mr. Aparicio was affiliated with a gang at the time of his death. The evidence's limited probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff. Evidence of Mr. Aparicio's alleged gang affiliation, therefore, is excluded. *See* Fed. R. Evid. 403 (Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice.").

IT IS, THEREFORE, ORDERED that

1. Plaintiff's Motion in Limine to Limit Defendants' Inquiries into Plaintiff's Alleged Gang Affiliation (Doc. 261) is granted;

2. evidence regarding the Caldwell Police Department reports is inadmissible;

3. evidence regarding the photographs of Mr. Aparicio making hand signals is inadmissible;

4. Defendants may not ask any witness about Mr. Aparicio's alleged gang affiliation; and

5. any other evidence regarding Mr. Aparicio's alleged gang affiliation is inadmissible.

_____
UNITED STATES DISTRICT JUDGE