IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

    Plaintiff,

v.                                                                Civ. 11-676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion in Limine to Bar Evidence of Personnel Matters or Alleged Prior Bad Acts by Individual Defendants and Memorandum in Support Thereof (Motion to Bar Evidence), filed February 4, 2014. (Doc. 252). Plaintiff filed a response on February 10, 2014. (Doc. 270). On February 20, 2014, the Court held a hearing on the Motion to Bar Evidence. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants. Having considered the Motion to Bar Evidence, Plaintiff's response, and the argument of counsel at the February 20, 2014, hearing, the Court concludes that the Motion to Bar Evidence is granted in part.

    Plaintiff concedes that the following is inadmissible:

        a. evidence of Defendant Jonathan Chavez's arrest for traffic offenses,

        b. evidence of disciplinary actions against Defendant Chavez for a computer

        error and leaving an unattended inmate in the hallway, and

c. evidence of Defendant John Krehbiel's arrest for improperly releasing inmates. Plaintiff also concede that any evidence regarding disciplinary actions against the individual Defendants occurring after the March 3, 2011, incident is inadmissible. In addition, the Court determines that evidence of Defendants John Robert McGrael and Chavez leaving their employment at the Luna County Detention Center (LCDC) after March 3, 2011, is irrelevant and not admissible.

Defendants further move to exclude evidence regarding an October 6, 2010, written reprimand against Defendant McGrael for yelling at his supervisors and making a threat of violence. On September 30, 2010, Defendant McGrael called his supervisors at LCDC to report that he was not going to work his shift that day because of personal reasons. He also indicated that he had "went off" on an inmate a few days earlier and wanted to apologize to him. (Doc. 252-2) at 2. Additionally, Defendant McGrael stated that if he had to go in to work and someone made him angry, he would beat that person with a baseball bat. Apparently, Defendant McGrael had been feeling suicidal over the previous several weeks and was prescribed medications.

Defendants argue that this evidence is inadmissible for several reasons. First, Defendants argue that the evidence is not relevant because Defendant McGrael did not actually harm any inmates and his calling to report that he could not work shows that Defendant McGrael knew how to avoid harming anyone. Second, Defendants argue that this evidence is inadmissible under Fed. R. Evid. 404(b)(1) because it shows that Defendant McGrael acted in conformity with an earlier incident. Finally, Defendants argue that this evidence is inadmissible under Fed. R. Evid. 403 because its probative value is outweighed by its prejudicial nature.

Plaintiff argues, on the other hand, that Defendant McGrael's threat of violence and admission that he "went off" on an inmate is relevant to Plaintiff's Fourteenth Amendment

claims against Defendant McGrael for use of excessive force, deliberate indifference to serious medical needs, and violation of substantive due process rights.  Plaintiff notes that a factor in a Fourteenth Amendment excessive force claim is the motive of the state actor.  *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003) ("Force inspired by malice or by 'unwise, excessive zeal amounting to an abuse of official power that shocks the conscience ... may be redressed under [the Fourteenth Amendment].'").  Plaintiff also contends that deliberate indifference and outrageous behavior required for the other Fourteenth Amendment claims require proof of intent.  *See, e.g., Marquez v. Board of County Com'rs of Eddy County*, ___ Fed.Appx. ___, 2013 WL 5779035 *2 (10th Cir.) (deliberate indifference standard for failing to care for serious medical needs); *Clark v. City of Draper*, 168 F.3d 1185, 1190 (10th Cir.1999) (shocks the conscious standard for substantive due process violation).  Moreover, Plaintiff asserts that Defendant McGrael's inability to control his anger is relevant to the incident at issue because Defendant McGrael broke his collar bone in the scuffle with Mr. Aparicio and thus had a reason to be angry at Mr. Aparicio.  Consequently, Plaintiff concludes that Defendant McGrael's prior threat of violence and "going off" on an inmate is not being offered to show that Defendant McGrael acted in conformity with this prior act.  Finally, Plaintiff asserts that LCDC officials knew of Defendant McGrael's instability which is probative of whether Defendant Edwards properly supervised him.  Plaintiff notes that introduction of this evidence would not be unfairly prejudicial to Defendant McGrael.

     The Court concludes first that evidence of Defendant McGrael's suicidal feelings is irrelevant and otherwise inadmissible under Rule 403.  Defendant McGrael's use of medications is also inadmissible under Rule 403.

Next, the Court concludes that evidence of Defendant McGrael "going off" on an inmate and his threat to use a baseball bat if some makes him angry is relevant to show Defendant McGrael's motive and intent at the time he broke his collarbone and then interacted with Mr. Aparicio.  Evidence of motive and intent is an exception to Rule 404(b)(1).  *See* Rule 404(b)(2).  Furthermore, the probative value of the evidence of "going off" on an inmate and the threat to use a baseball bat outweighs any unfair prejudice to Defendant McGrael.  For all of these reasons, the evidence of "going off" on an inmate and the threat to use a baseball bat is admissible.

Defendants also seek to exclude evidence of disciplinary actions taken against Defendant Edwards prior to the March 3, 2011, incident.  Defendants contend that this evidence is not relevant to the issue of failure to supervise and that a couple of the disciplinary actions occurred six years or more prior to the March 3, 2011, incident. In addition, Defendants contend that this evidence is not admissible under either Rule 404(b)(1) or Rule 403.

Plaintiff is suing Defendant Edwards for both lack of supervision and punitive damages. Plaintiff, therefore, argues against excluding evidence of Defendant Edwards' prior disciplinary actions because those disciplinary actions reflect her supervisory abilities.  Plaintiff notes that a claim of supervisory liability requires showing that Defendant Edwards acted with deliberate indifference.  *See Dodds v. Richardson*, 614 F.3d 1185, 1196 (10th Cir. 2010).  A claim for punitive damages requires a showing of wanton and reckless disregard of Mr. Aparicio's rights. *See, e.g., Garza v. City of Omaha*, 814 F.2d 553, 556 (8th Cir.1987).  Thus, Plaintiff contends that Defendant Edwards' prior disciplinary actions are relevant to the lack of supervision and punitive damages claims and are not being introduced to prove that she acted in conformity with past actions.

Having reviewed the disciplinary actions at issue, the Court determines that those actions, including the older actions, are relevant to Defendant Edward's ability to supervise and manage the jail.  Moreover, as Plaintiff indicates, this evidence falls within the Rule 404(b)(2) exception for evidence of intent.  Finally, the probative value of the evidence outweighs any unfair prejudice to Defendant Edwards.  Hence, the Court will admit the pre-March 3, 2011, evidence of disciplinary actions against Defendant Edwards.

IT IS ORDERED that Defendants' Motion in Limine to Bar Evidence of Personnel Matters or Alleged Prior Bad Acts by Individual Defendants and Memorandum in Support Thereof (Doc. 252) is granted in part in that

1. the following is inadmissible:

    a. evidence of Defendant Jonathan Chavez's arrest for traffic offenses,

    b. evidence of disciplinary actions against Defendant Chavez's  for a computer error and leaving an unattended inmate in the hallway,

    c. evidence of Defendant John Krehbiel's arrest for improperly releasing inmates,

    d. evidence of disciplinary actions against the individual Defendants occurring after the March 3, 2011, incident,

    e. evidence of Defendants John Robert McGrael and Chavez leaving their employment, and

    f. evidence of  Defendant McGrael's suicidal feelings and use of medications;

2. the following evidence is admitted:

    a. evidence of Defendant McGrael  "going off" on an inmate and threatening to use a baseball bat is admissible; and

b. pre-March 3, 2011, evidence of disciplinary actions against Defendant Edwards.

_____
UNITED STATES DISTRICT JUDGE