IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES C. KRETEK, as
Personal Representative of
Christopher Aparicio, Deceased,

      Plaintiff,

vs.                                        No. CIV 11-0676 KG/GBW

BOARD OF COMMISSIONERS
OF LUNA COUNTY, JOHN KREHBIEL,
JOSH ELFORD, JONATHAN CHAVEZ,
JOHN ROBERT MCGRAEL, and
YOLANDA EDWARDS,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's Motion in Limine Regarding [Christopher Aparicio's] Criminal History, filed February 5, 2014. (Doc. 258). On February 10, 2014, Defendants filed a response. (Doc. 266). On February 20, 2014, the Court held a hearing on Plaintiff's Motion in Limine. Present at the hearing were Duff Westbrook and Nathan Gonzales, counsel for Plaintiff, and Jonlyn Martinez and Mark Komer, counsel for Defendants.  Having considered Plaintiff's Motion in Limine, Defendants' response, and the argument of counsel at the February 20, 2014, hearing, the Court grants in part Plaintiff's Motion in Limine.

Mr. Aparicio had been convicted for possession of methamphetamine, a felony. Mr. Aparicio had also been convicted of the following misdemeanor offenses as an adult: failure to appear, domestic violence, drug possession, violation of a no contact order, and probation violations. Finally, Mr. Aparicio has a juvenile criminal record.

First, Plaintiff seeks to limit Defendants' inquiry into Mr. Aparicio's felony conviction to the name of the offense, the date of conviction, and the sentence imposed. Defendants do not argue that they should be allowed to inquire into additional information. The Court, therefore, will grant Plaintiff's request to limit inquiry into Mr. Aparicio's felony conviction. *See United States v. Howell*, 285 F.3d 1263, 1267 (10th Cir. 2002) (cross-examination of a witness's felony criminal record "should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment").

Second, Plaintiff seeks to limit Defendants' inquiry into Mr. Aparicio's misdemeanor convictions to the name of the offense, the date of conviction, and the sentence imposed for the relevant misdemeanor convictions, namely the drug related convictions. Defendants respond that evidence of all of Mr. Aparicio's misdemeanor convictions is admissible for assessing damages. Further, Defendants seek to admit various police reports involving investigations of Mr. Aparicio. *See* (Doc. 266-1). Defendants argue that "there is extensive information in those records regarding Mr. Aparicio's gang affiliation and activities," and "Mr. Aparicio had a persistent problem, he was a gang member, that he had extremely violent tendencies resulting in his beating several different girlfriends, and that he resisted arrest and prevaricated with the police during the course of their numerous investigations of his activities." (Doc. 266) at 2-3.

Evidence of Mr. Aparicio's misdemeanor convictions is admissible as it is probative of hedonic damages in this case. *See Baron ex rel. White v. Sayre Memorial Hosp., Inc.*, 221 F.3d 1351, *4 (10th Cir. 2000) (Tenth Circuit Court of Appeals held that district court did not abuse its discretion "in admitting evidence of [the decedent's] criminal record, in that its ruling appears to be related to the theory of hedonic damages"). However, Defendants' inquiry into Mr. Aparicio's misdemeanor convictions is limited to the name of the offense, the date of conviction,

2

and the sentence imposed. The various police reports and evidence of police investigations involving Mr. Aparicio are inadmissible. The limited probative value of the reports and investigations is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403 (Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice.").

Finally, at the February 20, 2014, hearing, the Court ruled that any evidence of Mr. Aparicio's juvenile criminal record is inadmissible.

IT IS, THEREFORE, ORDERED Plaintiff's Motion in Limine Regarding [Christopher Aparicio's] Criminal History (Doc. 258) is granted in part in that

1. Defendants' inquiry into Mr. Aparicio's felony conviction for possession of methamphetamine is limited to the name of the offense, the date of conviction, and the sentence imposed;

2. evidence of Mr. Aparicio's misdemeanor convictions is admissible for the limited purpose of establishing hedonic damages;

3. Defendants' inquiry into Mr. Aparicio's misdemeanor convictions is limited to the name of the offense, the date of conviction, and the sentence imposed;

4. police reports and evidence of police investigations involving Mr. Aparicio are inadmissible; and

5. evidence of Mr. Aparicio's juvenile criminal record is inadmissible.


_____
UNITED STATES DISTRICT JUDGE